HERMAN MEYER ET AL. V. MAGGIE O'DELL ET AL.

Delivered February 10, 1898.

1. **Lien—Landlord and Tenant.**
   A lessor of a vacant lot has no lien for unpaid rent on improvements erected thereon by the lessee. Articles 3235, 3251, Revised Statutes, construed.

2. **Forcible Entry—Title to Realty.**
   The title to a building and improvements erected by the lessee on the rented lot can not be determined in an action of forcible entry and detainer.

APPEAL from the County Court of Galveston. Tried below before Hon. MORGAN M. MANN.

*Wilford H. Smith,* for appellants.

*Jas. B. & Chas. J. Stubbs,* for appellees.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants obtained from the county judge a writ of injunction to restrain appellee from interfering with them in the removal of certain improvements from a lot in Galveston which they had formerly leased from appellee, and upon which they had placed the improvements. Upon demurrer to their petition and motion to dissolve the injunction, a final judgment was entered dissolving the injunction and dismissing their petition for want of equity, and allowing damages against them in favor of appellee for the wrongful suing out of the writ. The petition for injunction was quite vague in its allegations, and it is doubtful if, by itself, it was sufficient to entitle appellants to the relief sought; but before the judgment below was rendered an answer had been filed stating other facts, and from this, together with the petition, there appear all of the facts which we consider essential to support the view of the case taken by this court. Those facts also appear from the evidence. Appellants leased from appellee what seems to have been a vacant lot and placed upon it a house and appurtenances, owned by them, which were worth more than $200. During the continuance of the lease they lived in this house as their home. Prior to June 18, 1896, appellee brought suit against appellants, before a justice of the peace, for the sum of $16 alleged to be due for the rent of the lot, and sued out a distress warrant which they caused to be levied upon the improvements belonging to the appellants. At the date named the justice of the peace rendered the judgment, of which the following is a copy:

"Cause set for trial June 18, 1896, at which time came the plaintiff in the above cause and the defendant failed to appear and answer in this behalf, whereupon the cause was submitted to the court on proof of plaintiff, and the court having heard the evidence adduced gave judgment for the plaintiff in the sum of $16. It is therefore considered by the court that the plaintiff, Mrs. M. O'Dell, do have and recover of and

from the defendant Herman Meyer, and Mrs. Emma Meyer, his wife, the sum of $16, together with her costs in this behalf expended. It further appearing to the court that the plaintiff has a landlord's lien on the building and improvements situated on lot No. 4 in the northwest quarter of outlot No. 13, city of Galveston, county of Galveston, State of Texas, to secure said debt, it is ordered, adjudged, and decreed by the court, that the said lien be and the same is hereby foreclosed, and that an order of sale issue to sell said property as under execution, and apply proceeds to the payment and satisfaction of this judgment; and if said property should not sell for more than enough to satisfy this judgment, then the residue to be paid to the defendants, but if said property should not sell for enough to satisfy this judgment, then execution issue for the balance remaining unpaid."

An order of sale was issued upon this judgment, under which the improvements were sold and were bought in by appellee. This is the only title which she asserts, there being no claim that, by the terms of the lease, she had acquired any lien upon or title to the improvements. Thereafter appellee instituted an action of forcible entry and detainer against appellants to oust them from the premises, which finally resulted in a judgment in the County Court in her favor. Appellants in vacating the premises were undertaking to remove the improvements, and appellee was threatening to prevent them from doing so, under writ of possession upon the judgment of the County Court. This injunction was applied for by them restraining appellee as before stated. Before its service, appellants had moved the improvements off of the lot and into the street, and after its service they completed the removal and location upon another lot which they had leased. Before and during and after such removal, appellants continued to live in the house. If the judgment of the justice of the peace, in so far as it declared a landlord's lien upon the improvements, is to be treated as valid until set aside by direct proceedings, the judgment in this case dissolving the injunction and dismissing the bill is correct; for appellants, in our opinion, failed to show any adequate ground upon which to review and set aside the judgment of the justice of the peace unless it is void. But we are of the opinion that the judgment, so far as it declared the lien, was beyond the jurisdiction of the justice of the peace, and is therefore void. There was no lien given by law upon the improvements to secure the rent, as will be apparent from an examination of the statute by which alone liens in favor of landlords upon the property of tenants are conferred. The extent of such liens is defined by articles 3235 and 3251, Revised Statutes. Article 3235 gives to persons leasing or renting land or tenements a lien upon crops raised upon the rented premises and upon animals, tools, and other property furnished by the landlord to the tenant. Article 3251 gives a lien only to persons leasing or renting a residence, storehouse, or other building. The case of appellee does not fall within either category. In the case of Rosenberg v. Shaper, 51 Texas, 134, a construction was given to the Landlords' and Tenants' Act of 1874, by

which it was made to embrace a lien to secure the rent of houses in towns and cities upon the property of the tenant placed therein. Whatever may be thought of that decision, we think it clear that the construction there placed upon the law, as it then stood, can not be held applicable to the provisions of the Revised Statutes. While the latter are, in the main, re-enactments of the provisions of the Act of 1874, they are in many respects much clearer, and remove most of the ambiguity found by the Supreme Court in the former law. There is also added express legislation conferring and defining the lien held by that decision to exist by virtue of the Act of 1874. As the statute now stands, we think it clear that the two liens above mentioned are the only ones which it gives. This was held by the Court of Appeals in the case of Rush v. Hendley and Ramseur, 4 Willson C. C., 200, which is directly in point. We think that decision is correct. Since there was no lien in favor of the landlord, the justice of the peace had no power to adjudge one, especially where the value of the property was more than $200. The property was not sold under execution, but under an order of sale, and as the judgment of foreclosure upon which the writ was based was a nullity, the writ and the sale under it were likewise void. The forcible entry and detainer proceedings determined nothing but the right of possession to the lot. It did not, and could not, determine the title to the property now in controversy. While it required that appellants yield possession of the lot, it could not preclude them, in doing so, from taking with them property which belonged to them. It follows that appellants, at least, showed good title to the improvements, and that the judgment of the County Court dismissing their suit and adjudging damages against them for the exercise of their right to remove their property is erroneous.

*Reversed and rendered.*