## ARRIETTA v. CROSBY.    (No. 990.)

(Court of Civil Appeals of Texas. El Paso. June 5, 1919. Rehearing Denied June 26, 1919.)

1. JUSTICES OF THE PEACE ⊶174(4)—APPEAL — PLEA IN ABATEMENT — ANOTHER ACTION PENDING.

By delaying making of plea in abatement, setting up pendency of prior suit, until case had been appealed from the justice court to the county court, defendant waived any right of abatement to which she might have been entitled, had timely objection been made.

2. LANDLORD AND TENANT ⊶288—FORCIBLE DETAINER—TENANT'S IMPROVEMENTS.

In view of Rev. St. art. 3942, in action of forcible detainer by landlord against tenant at will, refusing to pay rent when raised, and also refusing to vacate, no issue as to tenant's right to reimbursement for value of improvements made, or tenant's right to remove same, is determined.

Appeal from El Paso County Court at Law; W. P. Brady, Judge.

Action by Josephine Crosby against Mary Arrietta. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. Hill, of El Paso, for appellant.

C. W. Croom and S. O. Lattner, both of El Paso, for appellee.

⊶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HIGGINS, J. This is an action of forcible detainer brought by Mrs. Crosby, appellee, against Mrs. Arrietta, appellant.

[1] The first assignment complains of the court's action upon a plea in abatement filed by appellant, setting up the pendency of a former suit in the district court between the same parties and involving the same issues and subject-matter. The record does not clearly indicate just what action was taken by the court with respect to this plea. It·is not clear whether the court struck it out and refused to consider it at all, or whether it was·simply overruled; but in either event the action presents no error. It appears that the plea was first made and filed in the county court, after the cause had been appealed to that court from the justice court. The plea should have been made in the jus⸗ tice court. By delaying the making of such plea until the case had been appealed to the county court, appellant waived any right of abatement to which she might have been entitled, had timely objection been made. So it would make no difference whether it was stricken out or not. Halbert v. San Saba, etc., 34 S. W. 636. If overruled after hearing, the court's action presents no error, for the further reason that no proof was offered in support of the same.

[2] Another assignment asserts that appellee was not entitled to recover possession of the premises until she had paid Mrs. Arrietta the value of certain improvements, which the latter had made upon the premises, or the latter had been given notice and time to remove the improvements. The undisputed facts show that appellant was a tenant at will.· For many years she had paid a monthly rental. The rent had been raised, and appellant thereupon refused to pay same, and after notice refused to vacate. The will of the landlord having determined, she was not entitled to possession (article 3942, R. S.). The only issue in this case was the right of possession, and, conceding that appellant is entitled to recover the value of her improvements, that does not affect the landlord's right to possession after termination of the tenancy. The judgment in this case does not determine the right of appellant to reimbursement for the value of her improvements, or her right to remove the same. Meyer v. O'Dell, 18 Tex. Civ. App. 210, 44 S. W. 545. If she has any such right, as to which no opinion is expressed, she can assert and enforce the same by·proper proceedings.

Upon the views expressed, the third assignment is without merit. Conceding that Mrs. Arrietta has such interest in the improvements as entitles her to compensation therefor, this fact would not deprive the justice court of jurisdiction to entertain a suit· of forcible detainer by·the landlord.

Finding no error, the judgment is affirmed.