## COUNTS v. DOBBS. (No. 9675.)

(Court of Civil Appeals of Texas. Fort Worth. Oct. 15, 1921.)

**1. Appeal and error ☜759—Assignments should not be intermingled with arguments and authorities.**

It is not allowable under the rules to intermingle the assignments of error as contained in appellant's brief with arguments, authorities, etc.

**2. Pleading ☜228—Exceptions not based on matters appearing in petition properly overruled.**

In a suit instituted by distress warrant, exceptions to the petition on the ground that the warrant did not authorize a levy on furniture or fixtures, that no warrant was ever issued authorizing such levy, and that the court had ordered personal property sold under a warrant authorizing the seizure only of real estate, where properly overruled where it did not appear in the petition or in the warrant therein referred to that the warrant did or did not authorize a levy on fixtures and furniture, and the affidavit merely described a lot of land with a building thereon, as the sufficiency of the petition is to be determined by its own allegations.

**3. Appeal and error ☜1040(10)—Overruling of exceptions requiring setting aside of sequestration proceedings held harmless.**

Even though the objections made in exceptions to the petition in a suit instituted by a distress warrant required a setting aside of the sequestration proceedings, the court's ruling in overruling the exceptions was harmless where in the judgment there was no foreclosure of a lien of any kind on the property sequestered, and the record did not show that the sequestered property was ever sold.

**4. Landlord and tenant ☜274(2)—Landlord liable for levying writ of sequestration on property owned by tenant.**

If a building on a leased lot was owned by the tenant under circumstances authorizing its removal, and preventing the landlord from acquiring any lien thereon, under Vernon's Sayles' Ann. Civ. St. 1914, art. 5490, but the landlord wrongfully levied a writ of sequestration thereon, and wrongfully deprived the tenant of possession of the building and its contents, the tenant would be entitled to recover damages for the wrongful levy.

**5. Fixtures ☜35(2)—Tenant claiming house by cross-action for wrongful levy must show circumstances under which house erected.**

In a suit instituted by a distress warrant, where the tenant files a cross-action for a wrongful levy on a building, he must allege and prove the circumstances under which the house was erected by virtue of which he became the owner, as otherwise the court is authorized to indulge the ordinary presumption that the house was a fixture and part of the lot.

**6. Appeal and error ☜80(6)—Judgment for landlord held final, though cross-action not mentioned.**

In a suit instituted by distress warrant, in which the tenant filed a cross-action for wrongful levy, a judgment providing that the landlord recover from the tenant a specified amount, and have execution, constituted a sufficient disposition of the cross-action, and was a final judgment, especially where the judgment was not for the full amount which plaintiff's evidence would have authorized.

**7. Evidence ☜265(3)—Defendant's admission held to support recovery for rent.**

Evidence that defendant admitted to plaintiff's attorney that he owed the rent for which judgment was rendered, and asked the attorney to get plaintiff to take a less amount, supported the judgment and rendered it immaterial whether a verified account attached to the petition was within the statute declaring a verified account to be prima facie proof.

**8. Interest ☜38(1)—Judgment for rent with interest at 10 per cent. held erroneous.**

A judgment for rent in an action instituted by a distress warrant was erroneous in so far as it allowed interest at the rate of 10 per cent., instead of 6 per cent.

**9. Costs ☜238(2)—Taxed against appellee on reformation of judgment when objection raised on motion for rehearing.**

On reformation of a judgment to provide for interest at the rate of 6 per cent. instead of 10 per cent., costs of the appeal will be taxed against appellee, where the error was complained of in a motion for a rehearing in the court below.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by S. B. Dobbs against S. C. Counts. From a judgment for plaintiff, defendant appeals. Reformed and affirmed.

Chas. C. Robey and J. R. Stubblefield, both of Eastland, for appellant.
Marks & Flaherty, of Ranger, for appellee.

CONNER, C. J. To secure the payment of certain rents alleged to be due, the appellee in this case, on June 5, 1920, before the justice of the peace of precinct No. 2, Eastland county, sued out a distress warrant, which, on the same day, as shown by the constable's return, was levied upon "all the furniture and fixtures whatsoever appertaining to, and in the 39 rooms of what is known as, the Phœnix Hotel No. 1 on Main street in the city of Ranger, Eastland county, Tex., and placing Mrs. Beulah Moore in charge of said hotel as special bailee."

The petition therefore together with the affidavit and sheriff's return in the distress proceedings, were filed in the district court of Eastland county, as provided by the statutes in such cases, on July 6, 1920.

On October 7, 1920, appellant appeared in the district court and answered by a general demurrer, by special exceptions hereinafter particularly noticed, by a general denial, and by a cross-action for damages because of the levy of the distress warrant, and because of the alleged injuries to the furniture levied upon, and because the hotel had since been conducted in a manner to injure the reputation of the hotel.

As originally specified, plaintiff sued to recover a balance due of $641.44, as shown by an exhibit to the petition specifying the several debits per month from the 29th day of November, 1919, to the 1st day of March, 1920, and the credits for the several payments received by the plaintiff, leaving the balance stated.

Before the trial the plaintiff presented an amended petition, in which he set up that, since the original petition had been filed, another month's rent had accrued in the sum of $250, which, in addition to the amount originally claimed, he prayed to recover, making a total claimed by the pleadings of the plaintiff at the time of the trial $891.66.

The trial was before the court without a jury, and the court, after having heard the demurrers as recited in the judgment, and after having heard the evidence, overruled the demurrers and entered a judgment in behalf of the plaintiff for $641.66, to which the defendant excepted, and has duly prosecuted his appeal.

Inasmuch as the principal questions presented on this appeal relate to the court's action in overruling the defendant's demurrers, it will be necessary to set out the plaintiff's original petition and the demurrers or exceptions, and make such other references as will present a clear understanding of our conclusions. Omitting formal parts, the plaintiff's petition is as follows:

"That on or before November 29, 1919, the defendant entered into a contract with the plaintiff herein, wherein the plaintiff leased to said defendant the following described property, to wit:

"All that certain tract, lot, or parcel of land lying and being situated in precinct No. 2, Eastland county, Tex.; said lot fronting 30 feet on the north side of Main street, in said city of Ranger, and extending back between parallel lines a distance of 140 feet; and that the consideration of said contract or lease was $150 per month up to January 1, 1920, after which said rent was to be $250 per month.

"Plaintiff further represents unto the court that defendant entered into possession of said leased premises heretofore described and has remained in possession thereof, enjoying the benefits of said leased premises, and that he, or his agent is now in possession thereof.

"That under the terms of said lease, and under the contract of rental made by and between this plaintiff and defendant, the sum of $641.66 is due from this defendant to plaintiff, as shown by itemized and sworn statement hereto attached marked Exhibit A, and this defendant has failed and refused and now fails and refuses to pay said sum of $641.66.

"That on the 5th day of June, A. D. 1920, plaintiff's agent made affidavit in the justice court in and for precinct No. 2, Eastland county, Tex., and made bond as required by law; that said justice issued writ under such affidavit, and that same has been properly served by the constable of said county as shown by the return thereof; and, further, that the defendant has been cited to appear and answer this petition before this honorable court.

"Wherefore plaintiff prays the court that he have judgment against the defendant S. C. Counts in the sum of $641.66 and for all costs and disbursements in this behalf expended, and that the court command the clerk to issue an order of sale authorizing the sale of said property seized under said writ of distress, and that the proceeds of said sale be applied to the satisfaction of this judgment; and plaintiff prays for all such other, further, different or additional relief, general and special, as he may in equity and good conscience be entitled to, and as in duty bound will ever pray."

[1, 2] To which the defendant urged the following exceptions, which we copy from the transcript instead of from appellant's brief, inasmuch as the exceptions as presented in the brief are intermingled with arguments and authorities, etc., not allowable under the rules, to wit:

"(3) That this suit is based upon a suit originating in the justice court of precinct No. 2, Eastland county, Tex., wherein S. B. Dobbs was plaintiff and S. C. Counts defendant, No. 97 on the docket of said court; and wherein the plaintiff made application, for a distress warrant sworn to be the agent of plaintiff, and a distress warrant was issued instructing the constable of precinct No. 2, Eastland county, Tex., to levy upon a certain lot, located in Ranger, Tex., but did not authorize said officer to levy upon the furniture or fixtures thereon, and said officer was without any authority of law to levy said distress warrant upon any other property than that described in the application and writ; and that said levy is therefore null and void.

"(4) Defendant further shows to the court that no distress warrant was ever issued by the justice of the peace of precinct No. 2, Eastland county, Tex., authorizing a levy on the furniture and fixtures ordered sold by this court, and that the district court of Eastland county never issued any such distress warrant or authorized the levy upon said fixtures, and that there is no basis whatever in law or fact for the order of sale issued out of this court on the 9th day of July, 1920, and that the application for said order and the order itself and the notices issued thereunder and the pretended ordered sale are every one null and void and without legal force and effect. And that no application was ever made by plaintiff to the district court of Eastland county, Tex., for a distress warrant to be levied upon the

furniture and fixtures or other property of the defendant; that no distress warrant was ever issued out of said court at the instance or request of said plaintiff, and levied upon said fixtures.

"(5) Defendant further shows to the court that this court has ordered sold personal property under a distress warrant issued authorizing the seizure only of real estate, and that said order is at variance with the pretended distress proceedings, and is wholly null and void."

It is apparent, we think, that the court committed no error in overruling the exceptions. The sufficiency of the petition is to be determined by its own allegations, and nothing appears in the petition under consideration which shows that the distress warrant either did or did not authorize the officer to levy upon the fixtures and furniture in the Phœnix Hotel as complained of in exceptions 3 and 4, and this is true even though the reference in the petition to the distress warrant is sufficient to make that writ part of the petition. For the command of the writ as shown by the record, omitting formal parts, is as follows:

"Now, therefore, you are hereby commanded that you seize so much of the property of the said S. C. Counts as shall be of value sufficient to satisfy said demand, and keep the same in your possession unless the said S. C. Counts shall replevy the same according to law."

Nor does the affidavit or bond in sequestration support the exceptions. The affidavit, omitting formal parts is merely to the effect that the defendant Counts is indebted to Dobbs, the plaintiff, in the sum of $641.66 for rent, alleging that the rented premises are:

"That certain tract, lot, or parcel of land, lying and being situated in precinct No. 2, Eastland county, Tex., together with the building thereon, known as the Phœnix Hotel, fronting 30 feet on the north side of Main street in said city, and extending back between parallel lines a distance of 140 feet, that the said rent is now due and payable, and that the said premises are now occupied by the said defendant," etc.

[3] The contentions presented in exceptions 3 and 4 would doubtless be appropriate in a motion to quash the affidavit, bond, writ, and sheriff's return in the sequestration proceedings, but we do not think they are pertinent or material in a consideration of the sufficiency of the plaintiff's petition. But, even if considered as requiring a setting aside of the sequestration proceedings, the court's ruling became entirely harmless, inasmuch as in his judgment, to be more particularly noticed hereinafter, there was no foreclosure of a lien of any kind upon the property sequestered, nor does the record show that the sequestered property was ever sold.

[4, 5] With exceptions to be hereinafter noted, appellant's principal complaint seems to be predicated upon allegations in his brief to the effect that the hotel building seized under the writ of sequestration was owned by him, and that he only rented the lot described in plaintiff's petition, which was owned by the plaintiff, and that therefore plaintiff's cause of action did not come within the meaning of article 5490, Vernon's Sayles' Texas Civil Statutes, giving to persons leasing or renting a building a lien upon its contents, citing in support of this contention the case of Meyer v. O'Dell, 18 Tex. Civ. App. 210, 44 S. W. 545. In the case cited it was held, in an opinion by Mr. Justice Williams, that a lessor of a vacant lot has no lien for unpaid rent upon improvements erected thereon by the lessee. But, conceding this to be true, as we have already noted, no lien on the building or contents alleged to have been owned by the appellant was foreclosed. There is nothing on the face of the plaintiff's pleadings nor the sequestration proceedings which shows that the hotel building in question belonged to the defendant, nor, indeed, is there any clear showing to that effect in the cross-action of the defendant, although such fact is possibly inferable from the evidence. If, in fact, the house was erected on the lot owned by the plaintiff under circumstances authorizing its removal, and if plaintiff wrongfully levied a writ of sequestration thereon, and wrongfully deprived defendant of possession thereof, and of its contents, defendant would doubtless be entitled to recover damages for such wrongful levy. In such case, however, it would be necessary for him to allege and prove the circumstances under which the house was erected by virtue of which defendant became the owner; otherwise the court would be authorized to indulge the ordinary presumption that the house was a fixture and part of the lot. See Phillips v. Newsome, 179 S. W. 1123; Clayton v. Phillipp, 159 S. W. 117; Westchester v. Roan, 215 S. W. 985.

But the asserted facts go to the issue of whether plaintiff was entitled to the landlord's lien to secure his rents. They certainly cannot affect the right of the landlord to recover the rentals due for the lease of his lot; and, for all that we can determine from the record, this is all the relief that was accorded the plaintiff by the judgment.

[6] Appellant's fifth assignment is as follows:

"The court should grant a new trial in this cause, for the reason that the judgment herein rendered on October 7, 1920, does not dispose of the defendant's cross-action, and for this reason the same is not a final judgment."

It is perhaps not unreasonable to infer that counsel for appellant did not entertain

the view of the judgment expressed in the assignment at the time he perfected the appeal in this case, inasmuch as it is from final judgments only that this court may take jurisdiction, and the preceding discussions have been presented in an effort to answer appellant's contentions under previous assignments, and on the theory that the judgment appealed from was in fact a final judgment. The judgment, omitting formal parts, is as follows:

"On this the 7th day of October, A. D. 1920, came the parties by their attorneys, and submitted the matter in controversy as well of fact as of law to the court, and, the evidence and argument of counsel having been heard and fully understood, it is considered by the court that the said plaintiff, S. B. Dobbs, do have and recover of and from the said defendant S. C. Counts the sum of $641.66 with interest thereon at the rate of 10 per cent. per annum, together with his costs in this behalf expended, and that he have his execution."

We feel free to say that under former rulings of this court we would be compelled to sustain the assignment now under consideration, for it is to be noted that there is an entire absence in the judgment of any reference to the counterclaim of the defendant for damages; but, since the approval by our Supreme Court of the opinion in the case of Bemus v. Donigan, 18 Tex. Civ. App. 125, 43 S. W. 1052, and the decision of our Supreme Court in the case of Trammell v. Rosen, 106 Tex. 132, 157 S. W., 1161, we feel compelled to rule that the judgment under consideration in legal effect sufficiently disposes of appellant's cross-action. In the case of Bemus v. Donigan, supra, the court quotes with approval from Freeman on Judgments as follows:

"There is no doubt that, if a set-off is presented by defendant in his pleadings, and attempted to be supported by evidence to the jury, it will, whether allowed or disallowed, become res judicata. It is settled by the judgment as conclusively, when it does not appear to have been allowed, as though there were an express finding against it."

This decision, and others presenting a like view, as well as those presenting a contrary view, was reviewed by our Supreme Court in the case of Trammell v. Rosen, supra, and a conclusion was reached in harmony with the decision in Bemus v. Donigan. To the same effect are the cases of Quigley's Trustee v. Quigley, 161 Ky. 85, 170 S. W. 523;

Hughes v. Burton Lumber Corp., 188 S. W. 1022; Reed v. Hunter, 201 S. W. 207.

As strengthening the conclusion that the court, in rendering the judgment under consideration, in fact disposed of the defendant's cross-action, it may not be amiss to observe that, while plaintiff's final claim for rent, as evidenced by his amended petition, was $891.66, the judgment was for the lesser amount of $641.66, thus apparently allowing defendant, in the way of damages, credit on the plaintiff's claim of $250. The plaintiff's evidence, if credited by the court, as presumably was done, would have authorized a judgment for the full amount of $891.66. Appellant's eighth assignment is accordingly overruled.

[7] Appellee's attorney, Mr. Marks, testified upon the trial to the effect that the defendant, when called upon, admitted that he owed the rent as sued for. Mr. Marks testified, among other things, as follows:

"When I called on the defendant, or he called on me, I asked him for the amount sued for in this case—$250 a month, I think it was. I presented a statement to Mr. Counts, and he called at my office. He came to see me in reply to a letter I wrote him, and he admitted it was correct, and that he owed it, and, in the course of our interview, he asked me if I wouldn't communicate with Mr. Dobbs and get him to take a less amount than he claimed."

We think this testimony sufficiently supports the judgment. Therefore it may be implied that defendant contracted to pay the rents as charged, and that the amounts declared upon and as shown by the exhibit were correct. It is immaterial, therefore, that the verified account attached to the plaintiff's petition is not such as comes within the meaning of the statute declaring a verified account to be prima facie proof.

[8, 9] We accordingly conclude that all assignments of error presented by appellant must be overruled, except the seventh, which complains of the assessment in the judgment of interest at the rate of 10 per cent. It is apparent that the court was in error in this respect, and the judgment will be here reformed so as to allow interest on the judgment in appellee's favor at the rate of 6 per cent. only, but the judgment will be otherwise affirmed. Inasmuch, however, as it appears that this error was complained of in appellant's motion for rehearing in the court below, the costs of the appeal will be taxed against appellee.