## YOUNG WOMEN'S CHRISTIAN ASS'N OF AUSTIN, TEX., v. HAIR.

### No. 9336.

Court of Civil Appeals of Texas. Austin.

Oct. 21, 1942.

Rehearing Denied Nov. 4, 1942.

240

Hollers & Tisinger, of Austin, for appellant.

Harry J. Baker and Cofer & Cofer, all of Austin, for appellee.

BLAIR, Justice.

This litigation arose as follows:

Appellant, The Young Women's Christian Association of Austin, Texas, filed a forcible entry and detainer suit against appellee, J. F. Hair, seeking possession of a certain building in Austin, Texas, owned by appellant, alleging that appellee had no right of possession if he claimed under a lease from appellant to Malcom and Loretta Mullenix, a copy of which was attached to the complaint, and which lease appellant alleged it had forfeited and terminated prior to the time appellee went into possession of the property under a month to month tenancy; and that appellee had failed to vacate the premises after notice to do so. Alternatively it was alleged that if appellee were in possession under the Mullenix lease, appellant had forfeited and terminated it because of violation of certain of its terms by appellee. Appellee answered that he was in possession as assignee of the Mullenix lease under the express or implied agreement of appellant and its agent, and having upon termination of the term prescribed renewed the lease under the option given therein to do so; and plea of not guilty.

Appellant obtained judgment for restitution of the premises both in the justice court and on appeal in the county court. After the judgment in the county court became final, appellee sued appellant in the district court in the form of a trespass to try title suit; but specially plead his title and right of possession under the Mullenix lease, alleging the same facts which he had alleged as a defense to the forcible entry and detainer suit; and praying for a temporary injunction to restrain appellant from taking possession under its county court judgment pending a hearing of his alleged trespass to try title suit in the district court. To this suit appellant addressed pleas to the jurisdiction, pleas in abatement, motion to dismiss for failure to state any ground for relief, and a special plea of res adjudicata of the judgment of the county court in the forcible entry and detainer suit; all of which were overruled or denied, and the court granted a temporary injunction restraining appel-lant from enforcing or taking possession of the premises under its forcible entry and detainer judgment; hence this appeal from the order granting the temporary injunction.

The respective contentions of the parties are as follows:

Of appellant: That under the pleadings and evidence of appellee title to the property under the lease was only connected with possession and was merely incidentally involved both in the forcible entry and detainer suit and in the trespass to try title suit out of which the temporary injunction complained of was issued; that under the pleadings and evidence of appellee in both suits the sole issue was the right of possession under the Mullenix lease, which issue was litigated to final judgment between the parties in the forcible entry and detainer suit; and that the granting of the temporary injunction rendered nugatory the judgment in the forcible entry and detainer suit as well as the statutes which authorized the suit; and that if the courts involved originally had concurrent jurisdiction to try the issue of the right of possession of the premises between the parties, the county court having first done so, its judgment is therefore res adjudicata of the issue.

Of appellee: That where a party in possession of real property has plead his title under a written lease for a term of one or more years in a forcible entry and detainer suit for the purpose of showing his right of possession, and where the final judgment therein has been rendered denying his title or right of possession under the title so plead, the defendant has the right to file a trespass to try title suit in the district court and have that court adjudge his title under the lease; that a district judge may, in his discretion, temporarily restrain or enjoin the restitution of possession under the forcible entry and detainer judgment pending the adjudication of title under the lease in the trespass to try title suit; and that this is the rule even though as an incident to the judgment determining title, the right of possession is also determined and may or will have the effect of setting aside or rendering nugatory the prior final judgment in the forcible entry and detainer suit. These contentions of appellee are based primarily upon Art. 3984 (now Rule 746, R.C.P.), which provides that title may not be determined in a forcible entry and detainer suit, and Art.

3994, which provides that the "proceedings under a forcible entry, or forcible detainer, shall not bar an action for trespass, damages," etc.

█ The questions presented are not free from difficulty. This is due to the fact that the forcible entry and detainer statutes (Arts. 3973–3994, as amended or modified by New Rules of Civil Procedure, Sec. 2, Rules 738–755), specifically authorize the justice and the county court on appeal to determine the right of possession of real property, and the fact that the district court under its general jurisdiction is given the power to determine the same right of possession. This concurrent jurisdiction has given rise to some confusion among the decisions, which is particularly true when in the same case both title and possession are involved. We are of the view, however, that neither the justice court nor the county court on appeal in the forcible entry and detainer suit tried or attempted to determine the title claimed by appellee under the Mullenix lease. The facts concerning this assignment to appellee under the alleged implied agreement of appellant thereto were fully developed, but only as connected with or incidental to the issue of the right of possession of the property under the first ground alleged by appellant therefor and the defense of appellee thereto; which right of possession was the only issue that could be determined in the forcible entry and detainer suit. And we have reached the conclusion that the forcible entry and detainer judgment sustaining the alternative ground plead by appellant to the effect that if appellee were the assignee of the Mullenix lease under an implied agreement of appellant thereto, appellant had forfeited and terminated it because appellee had violated certain of its terms, was a final adjudication of the right of possession upon a ground in which title was not involved, but only a breach of the provisions of the lease was involved; and that the trial court, therefore, erred in granting the temporary injunction restraining the enforcement of this final judgment.

In the forcible entry and detainer suit appellant claimed the right of possession upon two grounds: (1) That the Mullenix lease had been terminated by it prior to the time appellee went into possession, and that under the facts alleged and proved appellee was merely a tenant from month to month. (2) In the alternative, if appellee were the assignee of the Mullenix lease, appellant had forfeited and terminated it because appellee had violated its terms. Appellee alleged and his proof in both the forcible entry and detainer suit and in his trespass to try title suit tended to show that he was the assignee of the Mullenix lease, under an implied agreement with appellant or its agent; and that he had not violated its terms, but that he had carried out its terms by expending $3,200 in making the improvements required. Appellant alleged in both suits that it had terminated the Mullenix lease because of abandonment of it prior to the time appellee went into possession, of which fact it notified appellee at the time and told him that he could remain in possession only as a tenant from month to month, which month to month tenancy appellant terminated by notice to appellee as required by law. On the alternative ground appellant alleged that if appellee were the assignee of the Mullenix lease by implied agreement with appellant or its agent, then appellee had breached some of the provisions of the lease and for which breach appellant notified appellee that it had terminated the lease. Each of these grounds or issues was determined against appellee in the forcible entry and detainer suit by both the justice court and the county court on appeal; and the county court judgment has become final. Neither ground relied on by appellant involved title vel non, but only whether appellee was entitled to possession as assignee of the lease, and if so whether appellant had the right to forfeit and terminate it because of violation of its terms by appellee.

█ The law is settled that a defendant in a forcible entry and detainer suit may in defense of his right of possession show title in fee simple or under a lease which had not expired, or for a term of one or more years, or a life estate, or that he had lawfully attorned to a third person who had purchased the title of the landlord. Texas Land Co. v. Turman, 53 Tex. 619; Warren v. Kelly, 17 Tex. 544; Hartzog v. Seeger Coal Co., Tex.Civ.App., 163 S.W. 1055. In such cases proof or evidence of title may be received not for the purpose of determining title, but in connection with or as an incident to the right of possession, which under the statutes and decisions is the only issue triable in the justice court and the county court on appeal. Holcombe v. Lorino, 124 Tex. 446, 79 S.W.2d 307; Scott v. Hewitt, 127 Tex.

31, 90 S.W.2d 816, 103 A.L.R. 977. And while an action in trespass to try title or to adjudicate title must be brought in the district court, an action of forcible entry and detainer and the action of trespass to try title or other possessory action in the district court provide cumulative and not exclusive remedies and may be resorted to and prosecuted concurrently. Omohundro v. Nowlin, Tex.Civ.App., 142 S.W.2d 399; Dempsey v. Gibson, Tex.Civ.App., 100 S. W.2d 430. In a case where both title and possession are involved, it seems to be the rule that the right of possession may be prosecuted in a forcible entry and detainer suit in the justice and county courts and in a trespass to try title suit in the district court at the same time; but that because the justice and county courts do not have jurisdiction to determine title, a trespass to try title suit to determine the issue of title may be filed in the district court, and the district court may in a proper case enjoin the county court from adjudicating or attempting to adjudicate title pending the hearing of the trespass to try title suit filed in said district court; but it does not have jurisdiction to enjoin the trial of the issue of possession in the forcible entry and detainer suit. See cases above cited and 19 Tex.Jur., 763, § 5, and cases there cited.

■■ The judgment in the forcible entry and detainer suit here involved was based upon the verdict of the jury in the justice court finding generally that appellant was entitled to possession and restoration of the premises; and in the county court upon an instructed verdict instructing the jury to find that appellant was entitled to possession and the restoration of the premises. This final county court judgment may be sustained under either the first ground set up by appellant, which involved title as an incident to or connected with possession in the forcible entry and detainer suit; or it may be sustained upon the alternative ground that if appellee had title as assignee under the Mullenix lease, he had violated the terms of that lease and appellant had terminated it and had notified appellee that it had terminated the lease because of such breach of its terms. This ground of recovery did not involve title; it merely involved a question of breach of contract or lease agreement which entitled appellant to terminate the lease. Art. 3973 confers jurisdiction on the justice court and the county court on appeal in a forcible detainer suit to determine wheth-

er a tenant is holding over "after the termination of the time for which lands, tenements or other real property were let to him." This language has been construed to mean that if the tenant holds over after his right of possession under a lease has ceased, either by the expiration of the time fixed in the lease, or by the termination of the lease and the tenant's right of possession prior to the time fixed, and as the result of breach of the terms of the lease which expressly give the landlord the right to terminate the lease, the holding over is within the terms of the statute. Clayton v. Hurt, 88 Tex. 595, 32 S.W. 876; Walther v. Anderson, 52 Tex.Civ.App. 360, 114 S.W. 414; Arrietta v. Crosby, Tex.Civ.App., 213 S.W. 987; Holcombe v. Lorino, supra; Pruett v. Trifon, Tex.Civ. App., 124 S.W.2d 868; Hartzog v. Seeger, supra. In such a case the questions to be determined are: (1) whether the lease is terminated; (2) whether demand for possession has been made; and (3) whether there is a holding over. All of these questions, under the terms of the statute and the applicable decisions above cited, relate solely to the issue of the right of possession, and the determination of them in the justice court and the county court on appeal in a forcible detainer suit is final and conclusive, and the final judgment of the county court thereon is res adjudicata of them. See, also, Rankin v. Hooks, Tex.Civ.App., 81 S.W. 1005.

■ We are also of the view that appellee merely alleged in each suit that he was entitled to possession of the premises as assignee of the Mullenix lease, and that he had not breached any term of the lease which would entitle appellant to terminate it. Thus the issue of title is presented only in connection with or as incident to the right of possession under the lease, which right of possession was the sole issue determined in the forcible entry and detainer suit, and is the ultimate and controlling issue raised in the trespass to try title suit. The justice court and the county court on appeal determined this issue of the right of possession against appellee, and the judgment of the county court has become final thereon. The validity of the lease, and whether appellant had terminated it for breach of its terms by appellee, were matters properly set up by appellee in defense of his right of possession in the forcible entry and detainer suit. He, therefore, had an adequate remedy at law of

which he availed himself in the forcible entry and detainer suit, and is not entitled to a temporary injunction restraining the enforcement of this valid forcible entry and detainer judgment, at least prior to a favorable final adjudication of any issue of title that he may have raised by his trespass to try title suit.

The temporary injunction granted in the instant suit should be and is dissolved. However, since the writ of restitution might be served and possession obtained pending an appeal from this judgment dissolving the temporary injunction, the order of dissolution of the injunction is suspended pending an application for writ of error to the Supreme Court, which suspension order shall cease to be effective on and after twenty days from this date, if at that time no application for writ of error has been filed.