TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00816-CV






In re Damian and Trina Mandola






ORIGINAL PROCEEDING FROM HAYS COUNTY





M E M O R A N D U M O P I N I O N


 Relators Damian and Trina Mandola have filed a petition for writ of mandamus
complaining of the district court's order granting a temporary injunction against the Mandolas'
pending suit in the justice court for forcible entry and detainer. See Tex. R. App. P. 52.8. We will
conditionally grant mandamus relief.

 In November 2009, the Mandolas leased vineyard property to real party in interest
Duchman, Ltd. Disputes arose between the parties, but in April 2011, they signed a settlement
agreement requiring Duchman to keep the property in a certain condition, among other things. On
June 1, the Mandolas sent Duchman notice that Duchman was in default of the lease and the
settlement agreement. The Mandolas informed Duchman that, pursuant to a term of the lease
contract, they were terminating the lease and that in forty-five business days, Duchman's rights to
the property would cease. On June 3, the Mandolas filed suit in the district court, alleging that
Duchman had breached the lease and had trespassed on adjoining land owned by the Mandolas for
purposes other than ingress and egress, as allowed by the lease. The Mandolas sought a declaration
that Duchman was in default of the lease, damages for the alleged trespass, and damages and
attorney's fees under the lease. Sometime in August, the Mandolas also filed in the justice court a
suit for forcible entry and detainer, seeking to have Duchman evicted. (1) On September 2, 2011,
Duchman sent the Mandolas notice that it was exercising its purchase option under the lease. When
the Mandolas did not respond, Duchman sent further notice that the Mandolas were in breach of the
lease. In late October, Duchman filed an amended answer and counterclaim in the district court, also
seeking a temporary injunction barring the justice court from proceeding with the eviction suit. The
district court held a hearing and, on November 3, signed an order granting Duchman's request and
enjoining the Mandolas from proceeding in the justice court. The Mandolas then filed this petition
for writ of mandamus. (2)

 Justice courts have exclusive jurisdiction over suits for forcible entry and detainer
and may not decide issues related to a property's title. See Rice v. Pinney, 51 S.W.3d 705, 708
(Tex. App.--Dallas 2001, no pet.); see also Tex. Prop. Code Ann. § 24.004 (West 2000) ("A justice
court in the precinct in which the real property is located has jurisdiction in eviction suits.");
Tex. Gov't Code Ann. § 27.031(a)(2), (b)(4) (West Supp. 2010) (justice court has jurisdiction over
forcible entry and detainer suits but not in "a suit for trial of title to land"). In an eviction suit, "the
only issue shall be as to the right to actual possession; and the merits of the title shall not be
adjudicated." Tex. R. Civ. P. 746; see Rice, 51 S.W.3d at 709 (justice court is limited to deciding
right to immediate possession). An eviction suit may be brought and prosecuted at the same time
as a suit to try title in a district court. Rice, 51 S.W.3d at 709; see Young Women's Christian Ass'n v.
Hair, 165 S.W.2d 238, 242 (Tex. Civ. App.--Austin 1942, writ ref'd w.o.m.). Generally, a party
has an adequate remedy at law from an improper eviction judgment and may not seek injunctive
relief against the eviction suit from the district court. See McGlothin v. Kleibert, 672 S.W.2d 231,
232-33 (Tex. 1984); see also Rice, 51 S.W.3d at 709, 712-13 (justice court decides right to
immediate possession even though district court may later overturn that decision through suit to
try title; justice court "is not deprived of jurisdiction" simply because parties dispute title but only
if determination of right to immediate possession requires resolution of title dispute); Hair,
165 S.W.2d at 242-43 (if both title and possession are at issue, right of possession may be decided
through eviction suit, while title is decided in district court; district court may enjoin justice or
county court from adjudicating title but may not "enjoin the trial of the issue of possession in the
forcible entry and detainer suit").

 We have reviewed the cases cited by both parties and agree with the Mandolas that
here, the question of immediate possession does not necessarily require a determination of title. (3)
See Rice, 51 S.W.3d at 709. Instead, the Mandolas point to their right to possession as owners and
lessors under the lease contract. Whether Duchman properly exercised its right to purchase the
property is a question that may be decided independent of the right to immediate possession. See
id. We therefore hold that the district court improperly enjoined the Mandolas from proceeding in
the justice court. We conditionally grant mandamus relief and direct the district court to vacate its
order granting injunctive relief. Writ will issue only if the district court does not take action in
accordance with this opinion.


 __________________________________________

 David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed: January 4, 2012
1. The record does not reflect when the Mandolas' original petition for forcible entry and
detainer was filed, only that a second amended petition was filed on October 17, 2011. The
Mandolas represent, and Duchman does not dispute, that the original petition was filed in August.
2. The Mandolas have also filed an interlocutory appeal from the trial court's order. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2008).
3. Duchman argues that we must consider as conclusive the trial court's determination that
the right to immediate possession is "directly dependent upon the title issues," particularly because
the Mandolas have not provided a reporter's record from the district court's hearing on Duchman's
motion for injunctive relief. However, the cases Duchman cites involve hearings in which the trial
courts made factual determinations that required a parsing of conflicting evidence and credibility
determinations. Such a situation is not presented here, no matter that the district court heard
conflicting evidence related to whether Duchman properly invoked its purchase option. The only
question relevant here is a legal one - whether the justice court lacked jurisdiction over the eviction
suit because of an inherent need to determine title in deciding a right to immediate possession.