# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00816-CV

**In re Damian and Trina Mandola**

ORIGINAL PROCEEDING FROM HAYS COUNTY

**M E M O R A N D U M   O P I N I O N**

Relators Damian and Trina Mandola have filed a petition for writ of mandamus complaining of the district court's order granting a temporary injunction against the Mandolas' pending suit in the justice court for forcible entry and detainer. *See* Tex. R. App. P. 52.8. We will conditionally grant mandamus relief.

In November 2009, the Mandolas leased vineyard property to real party in interest Duchman, Ltd. Disputes arose between the parties, but in April 2011, they signed a settlement agreement requiring Duchman to keep the property in a certain condition, among other things. On June 1, the Mandolas sent Duchman notice that Duchman was in default of the lease and the settlement agreement. The Mandolas informed Duchman that, pursuant to a term of the lease contract, they were terminating the lease and that in forty-five business days, Duchman's rights to the property would cease. On June 3, the Mandolas filed suit in the district court, alleging that Duchman had breached the lease and had trespassed on adjoining land owned by the Mandolas for purposes other than ingress and egress, as allowed by the lease. The Mandolas sought a declaration that Duchman was in default of the lease, damages for the alleged trespass, and damages and

attorney's fees under the lease. Sometime in August, the Mandolas also filed in the justice court a suit for forcible entry and detainer, seeking to have Duchman evicted.[1] On September 2, 2011, Duchman sent the Mandolas notice that it was exercising its purchase option under the lease. When the Mandolas did not respond, Duchman sent further notice that the Mandolas were in breach of the lease. In late October, Duchman filed an amended answer and counterclaim in the district court, also seeking a temporary injunction barring the justice court from proceeding with the eviction suit. The district court held a hearing and, on November 3, signed an order granting Duchman's request and enjoining the Mandolas from proceeding in the justice court. The Mandolas then filed this petition for writ of mandamus.[2]

Justice courts have exclusive jurisdiction over suits for forcible entry and detainer and may not decide issues related to a property's title. *See Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.); *see also* Tex. Prop. Code Ann. § 24.004 (West 2000) ("A justice court in the precinct in which the real property is located has jurisdiction in eviction suits."); Tex. Gov't Code Ann. § 27.031(a)(2), (b)(4) (West Supp. 2010) (justice court has jurisdiction over forcible entry and detainer suits but not in "a suit for trial of title to land"). In an eviction suit, "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746; *see Rice*, 51 S.W.3d at 709 (justice court is limited to deciding right to immediate possession). An eviction suit may be brought and prosecuted at the same time

---

[1] The record does not reflect when the Mandolas' original petition for forcible entry and detainer was filed, only that a second amended petition was filed on October 17, 2011. The Mandolas represent, and Duchman does not dispute, that the original petition was filed in August.

[2] The Mandolas have also filed an interlocutory appeal from the trial court's order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West 2008).

as a suit to try title in a district court. *Rice*, 51 S.W.3d at 709; *see Young Women's Christian Ass'n v. Hair*, 165 S.W.2d 238, 242 (Tex. Civ. App.—Austin 1942, writ ref'd w.o.m.). Generally, a party has an adequate remedy at law from an improper eviction judgment and may not seek injunctive relief against the eviction suit from the district court. *See McGlothin v. Kleibert*, 672 S.W.2d 231, 232-33 (Tex. 1984); *see also Rice*, 51 S.W.3d at 709, 712-13 (justice court decides right to immediate possession even though district court may later overturn that decision through suit to try title; justice court "is not deprived of jurisdiction" simply because parties dispute title but only if determination of right to immediate possession requires resolution of title dispute); *Hair*, 165 S.W.2d at 242-43 (if both title and possession are at issue, right of possession may be decided through eviction suit, while title is decided in district court; district court may enjoin justice or county court from adjudicating title but may not "enjoin the trial of the issue of possession in the forcible entry and detainer suit").

We have reviewed the cases cited by both parties and agree with the Mandolas that here, the question of immediate possession does not necessarily require a determination of title.[3] *See Rice*, 51 S.W.3d at 709. Instead, the Mandolas point to their right to possession as owners and lessors under the lease contract. Whether Duchman properly exercised its right to purchase the

---

[3] Duchman argues that we must consider as conclusive the trial court's determination that the right to immediate possession is "directly dependent upon the title issues," particularly because the Mandolas have not provided a reporter's record from the district court's hearing on Duchman's motion for injunctive relief. However, the cases Duchman cites involve hearings in which the trial courts made factual determinations that required a parsing of conflicting evidence and credibility determinations. Such a situation is not presented here, no matter that the district court heard conflicting evidence related to whether Duchman properly invoked its purchase option. The only question relevant here is a legal one – whether the justice court lacked jurisdiction over the eviction suit because of an inherent need to determine title in deciding a right to immediate possession.

3

property is a question that may be decided independent of the right to immediate possession. *See id*. We therefore hold that the district court improperly enjoined the Mandolas from proceeding in the justice court. We conditionally grant mandamus relief and direct the district court to vacate its order granting injunctive relief. Writ will issue only if the district court does not take action in accordance with this opinion.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Filed: January 4, 2012