### LYNCH DAVIDSON & CO. et al. v. HINNANT et al.

#### No. 9728.

Court of Civil Appeals of Texas. San Antonio.

Jan. 29, 1936.

Rehearing Granted and Judgment Affirmed March 11, 1936.

Rehearing Overruled in Part and Granted in Part and Judgment Reformed and Affirmed April 8, 1936.

Perkins & Floyd, of Alice, for appellants.

C. C. Forry, of Alice, for appellees.

SMITH, Chief Justice.

On October 15, 1926, George C. Rehmet and another purchased two lots, in the city of Alice, from Mrs. W. A. Hinnant, and as part of the purchase price executed and delivered to the grantor five vendor's lien notes for $500 each, one of which was afterwards paid, and the other four were later acquired by A. A. and King Hinnant, appellees herein. Subsequently Rehmet and his associate conveyed the lots to Lynch Davidson & Co., who assumed to pay the four unpaid vendor's lien notes mentioned.

Later, in a suit brought and still pending in the sixty-first district court of Harris county, the assets of Lynch Davidson & Co., including the lots here involved, were placed in the hands of George M. Seaman, as receiver, to be administered by him under the orders of said court. The receivership is still pending.

The four notes matured on May 15, 1934, whereupon the Hinnants made demand upon the receiver for payment, and, upon failure to collect in response to the demand, brought this action, in the district court of Jim Wells county, against Davidson & Co., as well as Seaman, receiver, to recover the amount of the notes, with interest and attorney's fees, and against that company and the receiver for foreclosure of the lien upon the security. The defendants filed and urged separate pleas in abatement of the suit, upon the ground that the property sought to be foreclosed upon was in the custody of the receiver in the proceeding still pending in the Harris county court. These pleas were overruled, and the cause was tried upon the answer of the defendants, including, as defenses, the matters set up in the pleas in abatement. The court rendered judgment for the Hinnants, against Lynch Davidson & Co., for the amount of the debt, with interest and attorney's fees, and for foreclosure against both defendants upon the lots as security therefor, and directing that order of sale issue, as under execution, subject, however, to the provision in the judgment: "That no order of sale shall issue herein until the plaintiffs shall apply to the District Court of the 61st Judicial District of Texas, in Harris County, wherein the defendant George M. Seaman was appointed receiver of said defendant, Lynch Davidson & Company, for an order requiring said receiver to pay the judgment herein, and if said court shall refuse to order said judgment paid, when there is money in the hands of said Receiver subject to the payment of this judgment, then this court may order said order of sale to issue as herein provided, when the plaintiffs herein

have filed in this court, as required by law, an affidavit reciting that they had applied to the court appointing said Receiver for an order for said receiver to pay the judgment herein, and that it was shown to the court that there was money enough in the hands of said Receiver at the time, which was subject to the payment of this judgment, and that said court refused to order said Receiver to pay said judgment."

Both Davidson & Co. and the receiver have appealed.

The appeal is predicated upon the proposition, stated generally, that, since it appears that the property foreclosed upon is in the possession of a receiver appointed therefor by the district court of Harris county, in a proceeding instituted and pending in that court at the time this suit was brought, and since said receiver is now administering the affairs of the debtor under the orders of that court, the district court of Jim Wells county has no jurisdiction over the assets of said receivership, and "said portion of said petition seeking to foreclose said vendor's lien against said Receiver was an act of interference with a court of coordinate jurisdiction and the judgment as rendered against said Receiver was wholly void and of no force and effect"; that appellees' remedy was to file their claim in said receivership proceeding. In short, that said judgment "constituted an unlawful interference with the due administration of a proceeding of a court of co-ordinate jurisdiction."

It will be observed that it is provided in the judgment that, while issuance of order of sale as under execution shall not issue until appellees first apply to the Harris county court for an order requiring the receiver to pay this judgment, yet that it shall issue, nevertheless, upon appellees' filing an affidavit in the trial court "reciting that they had applied to the court appointing said receiver for an order for said receiver to pay the judgment herein, and that it was shown to the court that there was money enough in the hands of said receiver at the time, which was subject to the payment of this judgment, and that said court refused to order said receiver to pay said judgment."

■ The established rule in Texas is that a lien existing, as is the case here, at the time of the appointment of a receiver, should be preserved and protected by the courts while the security is in the hands of the receiver. 36 Tex.Jur. p. 203, § 100; Craver

v. Greer, 107 Tex. 356, 179 S.W. 862; Glenn v. Connell (Tex.Civ.App.) 74 S.W.(2d) 451.

The rule is equally well established, however, that enforcement of the lien will be suspended, if necessary, so as not to interfere with the administration of the estate in receivership. Id.; Kirby v. Dilworth & Marshall (Tex.Com.App.) 260 S.W. 152.

■ But, although the receivership may be pending, the lienholder may, nevertheless, institute and prosecute to judgment a suit to establish the debt and foreclose the lien, and he may invoke this remedy in any court of competent jurisdiction, whether it be the forum of the receivership proceeding or not. Id.; Kirby v. Dilworth & Marshall, supra. The trial court, therefore, did not err in overruling appellants' pleas in abatement.

■ When such suit is brought and foreclosure decreed, in a court other than that in which the receivership is pending, however, that court is without jurisdiction to order the sale, as under execution, of property in the hands of the receiver. Pending the receivership, the jurisdiction of that court is exhausted by the decree of foreclosure, which may, and should, be ordered certified for observance to the court in which the receivership is pending.

■ With these rules before us, we hold that the trial court properly rendered judgment for the debt sued on, and for foreclosure of the vendor's lien upon the property involved, but further than that, except to order certification of the judgment to the Harris county court, the trial court could not go.

We therefore hold that the conditional decree that order of sale issue upon refusal of the receiver to pay off the judgment, even though such refusal be in obedience to the order of the court of which the receiver is an arm, was beyond the jurisdiction of the trial court.

■ That portion of the decree was manifestly erroneous, not only under the general rules announced above, but for the further reason that it delegated to appellees the power and discretion of determining whether the receiver has on hand (1) sufficient funds, (2) "subject to the payment of the judgment," to pay same, and that a legal showing thereof had been made to the foreign court. The first conclusion, thus made determinable by appellees, is one of fact; the second, one of law. The determination of both rests exclusively in the forum of the receivership.

Certainly, in any event, it could not rest in litigants in another court.

This court, as well as the trial court, must presume that the receiver, an arm of the court appointing him, will proceed in good faith to promptly pay off the judgment rendered in this case, or sell the land involved in satisfaction thereof, in accordance with both the letter and spirit of that judgment. If he does not do so, or if the judgment creditors become dissatisfied with his course in the matter, then they may apply to that court for relief, and, if dissatisfied with the rulings of the court thereon, may appeal from such rulings. 36 Tex.Jur. pp. 130, 175, 180, §§ 60, 83, 86; E. C. Brand, Banking Commissioner, v. A. H. Fernandez et al. (Tex.Civ.App.) 91 S.W.(2d) 932, on rehearing January 15, 1936.

The judgment will be reformed so as to provide that appellees recover of Lynch Davidson & Co. the amount of the debt sued on, as ascertained in the court below, and for foreclosure, as therein decreed, and, as so reformed, the judgment will be affirmed, with instructions to the clerk of the trial court, upon receipt of mandate herein, to certify this judgment to the district court of the sixty-first district, in and for Harris county, for observance.

The costs incurred below will be taxed against appellants, as in the court below, but the costs of this appeal will be taxed against appellees.

Reformed and affirmed, with instructions.