## PRUETT et ux. v. TRIFON.

### No. 10808.

Court of Civil Appeals of Texas. Galveston.

June 9, 1938.

Rehearing Granted Jan. 19, 1939.

Rehearing Denied Feb. 16, 1939.

Kemper, Hicks & Cramer, of Houston (John G. Cramer, of Houston, of counsel), for appellants.

Harry Dow, of Houston, for appellee.

GRAVES, Justice.

This appeal presents a recrudescence of an old legal dispute over the several jurisdiction and powers, respectively, of the district courts, in the exercise of their equity powers, and the justice courts, acting under R.S. Title 64—Articles 3973 to 3994, inclusive, Vernon's Ann.Civ.St. arts. 3973–3994—in forcible entry and detainer proceedings, with reference to the possessory right to real estate, as between contending parties.

This appellee sued appellants in the district court declaring upon a written lease from them to her of property in the town of Goose Creek, of which she was then in possession by virtue thereof; making such lease a part of her pleadings, declaring it to be in full force and effect, with all agreed rentals thereunder paid by her for 3 years in advance, its express terms in consequence thereof vesting her not only with a future tenure of 8 years thereafter, but further with an option to purchase the land upon expressly stated provisions; that she had already made valuable and permanent improvements to the free-hold and contemplated the erection of a building thereon in addition; that notwithstanding such tenure of and rights in the land by her, as well as full compliance on her part with every obligation under such lease contract, the appellants had on March 14, prior to the filing of her suit on April 8 of 1938, duly served her with notice to vacate the premises pursuant to such Title 64, and in event she did not comply, further advising her they would proceed under other articles of such Title to wrest the possession from her; whereupon, she sought a temporary injunction against them, restraining them from so further proceeding under the forcible entry and detainer statutes, or from otherwise interfering with her possession of the property, until a trial on the merits of their suit could be had.

In answer, the appellants, through pleas to the jurisdiction, general demurrer, and

alternative answer on the facts, in effect interposed the procedure vouchsafed them under such Title 64 as constituting a complete defense against the appellee's suit.

The learned trial court, after considering as evidence the respective averments in the pleadings of both sides, acting in that respect with their mutual acquiescence and consent, granted the prayed for temporary injunction, in this order: "It is further ordered, adjudged, and decreed that the defendants herein, Price Pruett and wife, Mrs. Georgia Pruett, be and they hereby are ordered, restrained, and enjoined from further prosecuting their forcible entry and detainer proceeding against the plaintiff herein, and they are further enjoined and restrained from filing suit against the plaintiff herein for forcible detainer or for possession of the hereinafter described premises, and they are further enjoined and restrained from interfering with the plaintiff's quiet enjoyment of the hereinafter described premises, such temporary injunction to remain in full force and effect until this case has been finally tried on its merits and a final order has been entered herein."

So that, the only question presented here is whether or not that interlocutory order constituted an abuse of a sound discretion upon the trial court's part. It is this court's conclusion that it did not, that this cause is not on a legal parity with that of Holcomb v. Lorino, 124 Tex. 446, 79 S. W.2d 307, et id genus omne, as the appellants in the ultimate contend, but rather is ruled by the opposing authorities cited by the appellee, such as Phoebus v. Connellee, Tex.Civ.App., 223 S.W. 1019; Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063; R.S. Article 4642; Creamery Dairy Co. v. Electric Co., Tex.Civ.App., 138 S.W. 1106; Juneman v. Franklin, 67 Tex. 411, 3 S.W. 562; Stein v. Frieberg, 64 Tex. 271; Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994, 995; Texas Jurisprudence Vol. 19, p. 766, Vol. 24, pp. 34 and 103; Vol. 27, pp. 277-8; Way & Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.2d 1067.

The prayed for order had not only been entered after the overruling of both of appellants' stated pleas, but in the recited circumstances with reference to the receipt of evidence, since it awarded the appellee the relief prayed for by her on the facts she had alleged, it will be conclusively presumed here that the court found the material facts so alleged to be in her favor;

wherefore, her counter proposition, in answer to the appellants' contentions, is thus thought to correctly state the law arising upon such facts: "The remedy of forcible entry and detainer is not an exclusive remedy but is cumulative to any other remedy which the parties may have to secure possession of certain premises, and where the tenant has been in possession of certain premises, for ten (10) years, and is in possession under a written lease contract under which rental has been paid for over two (2) years in advance of the date the suit is filed and has made valuable permanent improvements on the property and is in the process of erecting another building thereon and alleges that she has no adequate remedy at law and irreparable injury would be sustained by her unless her rights to the premises be once and for all established and where this suit is filed in the District Court before any suit is filed in any other court, the District Court having first acquired jurisdiction, will hold jurisdiction to determine all the rights and equities of the parties."

The authorities last cited, supra, seem to this court to support that conclusion, as against the single line of cases appellants invoke, at the head of which is Holcomb v. Lorino, supra. The basis of that holding by the Supreme Court would seem to have been that Lorino was at most nothing but a tenant at will, with only a verbal contract that in no sense amounted to a lease on the property coupled with an interest, but only created a tenancy terminable at the pleasure of either the City of Houston or himself; whereas, in this instance, the facts so to be taken as true established that the appellee held possession of the premises here involved under a written lease for 8 years, the rental for 3 of which had been paid in advance, which conveyed to her an estate in the land with the unconditional privilege not only of extending the same for another 8-year period, but also of purchasing the property itself under certain prescribed circumstances, and finally that she had made valuable permanent improvements to the freehold, and had constructed the foundations for more of the same sort.

Not only so, but it likewise indisputably appears that this suit invoking the equitable powers of the district court was filed before the appellants had done more than merely give the preliminary notice to vacate, as prescribed in Title 64, hence this temporary injunction was not in fact

870

granted against a pending procedure under those statutes, but only a threatened one; further, the appellee had alleged in her petition (and presumably so proved to the satisfaction of the trial court) that irreparable injury would be sustained by her, as against which she had no adequate remedy at law, should the coveted relief in equity not be granted her.

These facts and circumstances in combination, it is thought, constitute a factual basis that distinguishes this cause not only from that of Holcomb v. Lorino, supra, but from all others in line with it, and require an affirmance of the judgment. It will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

CODY, Justice.

We are of the opinion that appellants' motion for rehearing should be granted.

 Appellee, in asking an injunction to prevent appellants from resorting to forcible entry and detainer proceedings against her, necessarily alleged facts in her petition for such injunction which, if true, would have constituted a complete defense if pled and proved in the forcible entry and detainer proceeding in the justice court. "It is very clear, that matter which will constitute a defence, of which a party may avail himself in a suit pending against him, cannot be made the ground of an injunction to restrain proceedings in the suit. (York's Adm'r v. Gregg's Adm'x, 9 Tex. 85; Prewitt v. Perry, 6 [Tex.] 260.)" Gibson v. Moore, 22 Tex. 611, 614. See Rogers v. Daniel Oil, etc., Co., 130 Tex. 386, 110 S.W.2d 891, 894.

In Holcomb v. Lorino, 124 Tex. 446, 79 S.W.2d 307, 309, our Supreme Court said: "The Court of Civil Appeals erred in holding that, as all of the alleged rights of Lorino could not be urged and adjudicated in the justice court, on account of its limited jurisdiction in answer to a forcible entry and detainer suit, the district court appealed from has exclusive jurisdiction * * *." In the Holcomb case, the City of Houston was the landlord and Lorino was the tenant. We make the following quotations from that case, applying to appellants what was there said about the City, and to appellee what was there said with reference to Lorino:

"If the city has no right under the facts to terminate the lease, as contended for, that issue may be determined in detainer proceedings. Furthermore, if it appears that, on account of the limited jurisdiction of the justice court in which the forcible entry and detainer proceedings are [threatened] pending, all matters between the parties cannot be adjudicated, either party may maintain an action in a court of competent jurisdiction for proper relief. * * *

"It is not made to appear from the record before us that Lorino's rights will be destroyed, or that he has no adequate remedy at law to protect him against the alleged wrongs complained of, or that he will suffer irreparable injury if injunctive relief is not granted. * * *

"Under the law, the City of Houston has the right to maintain entry and detainer proceedings against Lorino to determine the right of his possession * * * independently of the suit pending in the district court."

The motion is granted, our former judgment is set aside, the trial court's judgment is reversed, and the temporary injunction is dissolved.

Granted.