**FARRELL v. SIEN et al.**

No. 10943.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 13, 1940.

Rehearing Denied Dec. 18, 1940.

J. B. Lewright, of San Antonio, for appellant.

Jas. A. Harley, G. H. Russell, and Clarence R. Boatwright, all of San Antonio, for appellees.

SMITH, Chief Justice.

In June, 1940, C. H. Mountjoy Parts Company brought suit in the 45th District Court of Bexar County against Sien Tire Company, Inc., W. R. Sien and Ruth M. Sien, upon an alleged debt Sien Tire Company owed the Parts Company. In due course the court appointed William T. Farrell, Jr., receiver of the assets of Sien Tire Company. The order directing the receiver to take over the assets of Sien Tire Company did not describe or itemize those assets, or any of them. Under that order the receiver took possession and assumed control and operation of a gasoline service station situated at Main, Soledad and Pecan Streets in the City of San Antonio, on premises owned by William Reichert and J. E. Levi, but then under lease from them to W. R. Sien, who, with his wife and daughter, owned all the capital stock of said Sien Tire Company.

Subsequently Main Service Station, Inc., W. R. Sien and A. C. Sien brought a statutory action of forcible entry and detainer against said receiver, in a proper Justice of the Peace Court, to recover possession of said service station premises.

Thereupon the receiver brought the present suit against Honorable Bat Corrigan, Justice of the Peace, Main Service Station, Inc., W. R. Sien and A. C. Sien, plaintiffs in the forcible entry and detainer suit, for an injunction to restrain them from further proceeding with said ouster suit. The relief prayed for was denied in the District Court and the receiver has appealed.

The whole contention of appellant is, in effect, that he, as a receiver acting under appointment and authority of the District Court, is in possession of the premises in question, and that such possession cannot be disturbed, or the right thereto litigated, by a Justice of the Peace Court, or by any court except that under which the receiver is functioning.

The statute provides that a receiver may be sued in his official capacity in any court of this State having jurisdiction of the cause of action, without leave of the court appointing him. Art. 2310, R.S.1925.

It must be conceded that the Justice of the Peace Court had jurisdiction of the forcible entry and detainer brought by appellees and sought to be abated here by injunction; it is the only court having such jurisdiction. Art. 3973 et seq., R.S.1925, Vernon's Ann.Civ.St. art. 3973 et seq.

It must also be conceded, and it is expressly provided by statute, that in such actions only the right of possession may be adjudicated (except the question of damages in a proper case). Art. 3984.

The matter of title may not be adjudicated in the action, and it is not contended in this case, unless it be by general conclusion of the pleader unsupported by allegations of fact, that the title to the premises in question is involved. It is simply an action to determine whether the receiver has the right of possession, and appellees resorted to the only tribunal provided by law for adjudicating that right.

If under all the facts of the case the receiver is entitled to the right of possession those facts, and all of them, can be adduced and resolved in the Justice of the Peace Court proceeding, and, presumably, rightly so, and injunction is not available to halt that proceeding. Pruett v. Trifon, Tex.Civ.App., 124 S.W.2d 868.

The institution of the suit in the Justice of the Peace Court is expressly authorized by statute, and the mere prosecution of it to judgment cannot affect the receiver's possession; it can only determine the right of possession. If the judgment should be against the receiver in the Justice of the Peace Court, and in the County Court on appeal, then the question of possession will have been settled, conclusively, and, when advised of that adjudication, the District Court should and no doubt will direct the receiver to comply with the judgment of the Justice of the Peace Court. Lynch Davidson & Co. v. Hinnant, Tex.Civ.App., 93 S.W.2d 532; Joiner v. Currin, Tex.Civ.App., 118 S.W.2d 652; Eaton v. Whisenant, Tex.Civ.App., 50 S.W.2d 1109.

We hold that appellant has not alleged any cause which would warrant the court below in restraining the prosecution of the suit in the Justice of the Peace Court. 19 Tex.Jur. p. 763, § 5.

The judgment is affirmed.