### HARTMAN et al. v. COSTALES et ux.
### No. 11062.

Court of Civil Appeals of Texas. Galveston.
Nov. 27, 1940.

Rehearing Denied Dec. 12, 1940.

Lewis & Ingram, of Houston, for appellants.

Burris & Benton, of Houston (Fred Parks, of Houston, of counsel), for appellees.

CODY, Justice.

This suit was brought by Isidoro Costales and wife to cancel a certain deed of trust which was given by them on February 19, 1936, on lot 87 of Trinity Gardens Addition to the city of Houston, to secure the payment of their note for $400, payable to appellant R. J. Hartman. The suit was. brought to set aside the trustee's sale had under said deed of trust, and to cancel the trustee's deed which undertook to convey the lot in conformity to the trustee's sale. The ground for such cancellation was the alleged homestead character of the lot in question. P. B. Meyers, the trustee in the deed of trust, and Jack Bundick, the grantee in the trustee's deed, were made codefendants with R. J. Hartman, the payee of the aforesaid note. Before the case could be tried the wife of Costales died, and their children were substituted as her heirs and successors in interest.

Appellants filed a joint answer, pleading a general demurrer, a general denial, and specially denied that the property was ever homestead property, their reliance thereon by the lending of the sum of $400, and urged estoppel; they also pled that if the property were ever homestead property, it had been abandoned as such. As

the substance of the special issues, which were submitted to the jury, reflect the issues which were made by the pleadings of the parties, it will be unnecessary to give further details of the pleadings; but the sense of such pleadings can be seen from the following special issues.

The jury found in answer to special issue No. 1 that plaintiffs were living in the house on lot 87, Trinity Gardens, at the time the deed was made.

In answer to special issue No. 2 they found that Hartman knew at the time he made the loan that plaintiffs were living in the house on said lot.

In answer to special issue No. 4 the jury found that at the time the deed of trust here involved was executed the following language which was in it at the time of the trial, was not contained therein: "The above described property is not our homestead and we have no intention of using the same as a homestead and that we have other property located in Harris County, Texas, same being lot 85, Trinity Gardens, which is our homestead."

Upon the verdict the trial court rendered judgment for appellees cancelling the deed of trust and trustee's deed and removing cloud from appellees' title to lot 87. Judgment was rendered for appellant Hartman on the note against Isidoro Costales.

■ We hold that the court did not err in refusing appellants' motion for an instructed verdict. There were both pleadings and evidence in support of the issues which were submitted to the jury. The credibility of such evidence was for the jury to determine.

Appellants complain that the court erred in permitting testimony in regard to a transaction with and conversations with the deceased wife of Costales, because the witnesses inherited from her, and that the evidence objected to comes within the prohibition of Article 3716 of Vernon's Annotated Civil Statutes of Texas.

When appellee Isidoro Costales, who was the surviving spouse of his deceased wife, was on the witness stand, he testified, over the objection that his testimony was concerning a transaction with, and a conversation with, his deceased wife, that he saw his wife sign the papers (being the deed of trust whose cancellation was sought in this suit); that only he and his deceased wife and four children were present; that a big argument arose between him and his wife; that his wife threw ink on the top of the table, and told him not to use the papers which she had signed—being the deed of trust; that he nevertheless picked the same up, and put it in his pocket.

The witness Luther Costales, who was a minor and a party to the suit, testified, over objection based on Art. 3716, supra, that he remembered the occasion of his deceased mother spilling ink on a paper that she signed, and in substance verified his father's previous testimony, relative to his mother's attitude in signing the deed of trust.

The witness Juanita Costales, also a minor and a party to the suit, was permitted, over objection, to testify to the ink spilling by her mother on the papers.

■ It is appellants' contention that it was reversible error, under authority of Leahy v. Timon, 110 Tex. 73, 215 S.W. 951, 954, to have permitted Isidoro Costales to testify to the matter objected to. In the cited case the trial court excluded the evidence of Phillip Leahy relative to statements made by his wife's deceased mother to him. Phillip Leahy, as the husband of Mrs. Timon's daughter, was a party to the suit brought by his wife to contest Mrs. Timon's will—that is, he was a party to the suit, not by reason of any right of his own, but solely in the right of his wife. It is quite clear from the opinion in the cited case that the court limited its holding to the factual situation there before it. In a carefully considered opinion by Judge Critz, while sitting on the Commission of Appeals, it was held that where the maker of a note died, and left a surviving widow and daughter, that the rights of the widow which were based upon the deceased's overpayments made on said note, accrued to her as survivor in community, and not as the heir of her deceased husband and that Art. 3716 relating to testimony in actions by and against heirs was inapplicable in her suit to recover excess payments. King v. Morris, 1 S.W.2d 605. The adoption by the Supreme Court of the judgment recommended in the case just cited necessarily was the adoption of the holding made in the opinion in the case, because the opinion was delivered on rehearing at which the former judgment rendered by the Commission of Appeals, 298 S.W. 412, was set aside and the former judgment could

have been set aside only if the holding of the opinion on rehearing was adopted. Now in the King case, Mrs. King was as much a party to the action as Mr. Leahy was in the case of Leahy v. Timon, supra. But the difference between the cases was this: In the King case, Mrs. King brought her action in her own right, and not in the right of anyone else, nor to establish rights derived from anyone else by the law of descent and distribution; whereas, in the Leahy case, Leahy was asserting no independent right of his own, but only a right of his wife, and the statute by its terms there applied.

In the instant case, Isidoro Costales brought suit in his own right. His deceased wife's interest in the property was represented in the suit by the children plaintiffs; he asserted no right in this action as the heir of his wife. It was not error, therefore, to admit his testimony so far as his interest in the property was concerned. As the evidence was correctly admissible, at least so far as Isidoro Costales' half interest and homestead rights in the property were concerned, and no request was made to limit his testimony, it was not error in the Court to admit said testimony without limitation. Neither do we understand that any request was made by appellants to have the Court, in the charge to the jury, to thus limit the testimony of Isidoro Costales.

 In McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 215, 115 A.L.R. 1421, opinion by Judge Critz, the Supreme Court held, upon the authority of the Leahy case, and one other, "It is settled as the law of this state that the test furnished by article 3716, supra, embraces not only the capacity of the parties, but also the effect of the judgment of which the suit admits. If the action be one by or against an heir, in which judgment may be rendered for or against him, as such, the statute applies." (Citing the Leahy case et al.) The court therefore erred in admitting the corroborating testimony of the son, Luther Costales, and daughter, Juanita. The evidence, however, was already in the record, as above stated, so the error was harmless, and is no cause for reversal. Rule 62a; Port City Lbr. Co. v. Wade, Tex.Civ.App., 16 S.W.2d 429, 431; Head v. Texas State Bank, Tex. Civ.App., 16 S.W.2d 298, 301.

The assignments of appellants relative to the admission of evidence of transactions and conversations had with the deceased are overruled.

 We have considered the remaining assignments of error. The court did not abuse his discretion in refusing to grant a new trial because of the emotion displayed by some of appellees when their attorney referred, while argument to the jury, to the death of their mother. It is not complained that the remarks of counsel were improper or tended in anyway to inflame the jury, or that the effect upon the appellees was other than natural. Neither was it an abuse of discretion for the court to refuse to grant a new trial because of the "newly discovered" evidence. This holding applies also to the court's refusal to send up the original deed of trust with the record.

Being of the opinion that no reversible error was committed by the trial court, the judgment is affirmed.

Affirmed.