**FORREST v. MORENO et al.**
No. 11128.

Court of Civil Appeals of Texas.
San Antonio.
April 1, 1942.

Rehearing Denied April 29, 1942.

J. Ira Kervheville and Albert C. Buss, both of San Antonio, for appellant.

Newton & Archer, of San Antonio, for appellees.

SMITH, Chief Justice.

In its last analysis the suit is one to determine the ownership in severalty of a sum of money on deposit with the county clerk of Bexar County, which was awarded as damages in a prior proceeding to condemn and take certain real property for a public use.

This suit was brought by Maria U. Macias Moreno (joined pro forma by her present husband) and four minor children of Mrs. Moreno by her former husband, Thomas Macias, deceased, against R. L. Forrest (and others not necessary to mention here). Mrs. Macias will be referred to as plaintiff and Forrest as defendant. In all the transactions involved in this controversy defendant was represented by John P. Forrest, his admitted attorney in fact.

The condemned property, in so far as involved in this suit, consisted of all of Lot 25, and 9/14 of Lot 26, New City Block 2375, in the City of San Antonio. The property originally belonged to the community estate of plaintiff and her then husband, but in 1930 they gave a deed of trust on it to secure a loan made to them by defendant. The title went through a series of changes, finally getting into defendant, in 1936. Plaintiff alleged and the jury found that in that year defendant executed and delivered his quitclaim deed conveying the property to plaintiff, by which it became the community property of plaintiff and her then husband. The latter was subsequently killed in an automobile accident. Plaintiff later married Moreno. The rec-

ord shows, and the trial court found, that in 1939 the property was condemned and taken for a public use, and the amount of the award therefor was deposited with the clerk for distribution to the owners of the property. This suit was then brought in the District Court by plaintiff and her minor children to establish their claimed title to the condemned property and for judgment for their respective portions of the amount of the award on deposit with the county clerk. Upon the record thus made, and the findings of the jury that the property had been previously conveyed by defendant to plaintiff, the trial judge rendered judgment for plaintiff and her children for the net sum of the amount on deposit with the county clerk, apportioned equally between plaintiff on the one part and her children on the other. Defendant Forrest alone has appealed.

Defendant does not on this appeal question the findings of the jury that he had conveyed to plaintiff the property involved, but complains, only, of the admission of certain testimony adduced from plaintiff over his objections.

■ The deed from defendant to plaintiff was executed and delivered to her in 1936, as the culmination of various transactions beginning in 1930. These transactions were all had between Mr. and Mrs. Macias acting together, on the one part, and John P. Forrest, attorney in fact for defendant, on the other part. Plaintiff was present with her husband and with him participated in all those negotiations. In her testimony upon the trial she told of those negotiations in detail, including her husband's part therein. Defendant objected to her testifying to the initial negotiations, as well as later ones, leading up to the final transaction, upon the ground that they were irrelevant, immaterial and prejudicial to him, and complains thereat in his first point on this appeal. We overrule the point. The testimony of the initial and intervening negotiations was relevant and had a direct bearing upon their ultimate outcome, and was essential to a clear understanding of the reasons and consideration of the deed upon which the rights of the parties were adjudicated below.

■ The property was a part of the community estate of plaintiff and her then husband. The latter died intestate, and there was no administration upon his estate nor any necessity therefor, nor did plaintiff qualify as community survivor. The result was that at her husband's death plaintiff owned, outright, a one-half of the property, not as an heir but as survivor in community, and the children owned the remaining one-half as heirs of their deceased father. The children sued through their mother as next friend.

■ Now, defendant further complains, in his second point, that much of plaintiff's testimony, already adverted to, was in contravention of the statutory prohibition of testimony by parties concerning transactions with decedents. Art. 3716, R.S.1925. Defendant's objection to the testimony was based upon the assumption, specifically stated in some of his bills of exception, that plaintiff, the witness, was an heir or had sued as an heir of her deceased husband. That objection, however, is untenable. Plaintiff was not seeking to establish her interest in the property as the heir of her deceased husband, but as the outright owner by virtue of her vested community interest therein, and the provisions of Art. 3716 do not apply to her. King v. Morris, Tex.Com.App., 1 S.W.2d 605; Hartman v. Costales, Tex.Civ.App., 145 S.W.2d 603.

■ Defendant contends that the interests upon which recovery is sought are inseparable, and, in effect, that the testimony of plaintiff concerning transactions and conversations of the decedent necessarily inured to the benefit of her children, who were suing as heirs, whose interests are inseparable from plaintiff's. But this contention is not available to defendant, who did not interpose that specific objection below, or ask that the testimony be so limited at the time adduced, or request the trial judge to so limit it in his charge to the jury. The burden was upon defendant to invoke those limitations in the trial court, and having failed to invoke them there, he cannnot invoke them here. King v. Morris, supra; Hartman v. Costales, supra.

The judgment is affirmed.