## ORANGE LAUNDRY CO. et al. v. STARK.

### No. 5609.

Court of Civil Appeals of Texas. Amarillo.

April 17, 1944.

J. T. Adams and W. P. Sexton, both of Orange, for appellants.

Alan B. Cameron, of Orange, and Williams, Lee, Kennerly & Cameron, of Houston, for appellee.

PITTS, Chief Justice.

This is a suit for forcible detainer and damages instituted by appellee, H. J. L. Stark, in the Justice Court of Precinct No. 1, Orange County, against appellants, Orange Laundry Company, Inc., and Edna Comeaux Smith and husband, C. B. Smith. From an adverse judgment in the justice court appellants perfected their appeal to the County Court of Orange County. Upon a trial in the county court the jury was instructed by the trial judge to find for the appellee for possession of the premises and against appellant and to find for appellee for damages in a sum to be fixed by them. The jury returned a verdict for appellee as instructed and allowed appellee the sum of $100 per month from January 9, 1943, to April 13, 1943, as damages for the withholding of the possession of the property in question from appellee by appellants for the said period of time. Judgment was rendered on April 13, 1943, for appellee for possession of the property and $313.28 as damages, from which judgment appellants perfected their appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District at Beaumont and the same was transferred to this court by the Supreme Court of Texas.

Appellants predicate their appeal upon four points of error which, in effect, are as follows: That the county court was without jurisdiction to hear the case because the question of title to real estate was in issue and that appellee had failed to discharge the burden of proof on the issue of title and that appellee was not the legal owner of the land and the premises in question because the sale of the same to appellee by his predecessor was void, for all of which reasons the trial court erred in rendering judgment against appellants and for appellee.

The record discloses that the First National Bank in Orange owned a part of Block 7 in the Wingate Addition to the City of Orange, Orange County, and leased the same for a period of one year from April 6, 1937, to April 6, 1938, by a written contract to appellants for the purpose of maintaining a laundry by appellants there-

on; that the written lease was not renewed when it expired but appellants remained in possession of the property and paid rent to the said bank until July 6, 1942; that on December 28, 1942, the said bank sold by warranty deed the property in question to appellee; that on January 9, 1943, the said bank notified appellants in writing of the sale of the said property to appellee and asked for possession of the same for appellee; that on January 9, 1943, appellee asked appellants in writing for possession of the property; that suit was filed in the justice court for possession and damages on January 20, 1943; that appellee made proof of the above facts at the trial in county court and made further proof that $150 to $175 per month was a reasonable rental value of the property in question at the time and that appellants had never paid any rent to appellee. Appellee then closed his evidence and appellants likewise closed without offering rebuttal testimony.

In his pleadings appellee made the usual allegations in a suit of this character and alleged further the purchase of the land and premises by him from the bank and that he was the owner of the same but the only relief he prayed for was to recover restitution of the premises, for damages, cost of suit and for general relief. The judgments of the justice court and county court adjudicate nothing more than the issues of possession, rents, damages and cost of suit.

Appellants answered in county court with a general denial and in their reply they endeavored to raise the question of legal title to the land in question and make it an issue in the case by alleging that the bank as the predecessor in title to the said land had acquired the same more than five years prior to the purported sale of the same to appellee; that a national bank should not hold title to or possession of real estate for more than five years; that the said bank was attempting to hold the said property at the time of the sale for more than five years in violation of the Federal Statutes and that the said purported sale was therefore void.

Appellee excepted in a supplemental answer to appellants' pleadings raising the question of legal title to the land in question and to the charge of a violation of the Federal Statutes by the said bank as the predecessor to the title to the said land. The trial court sustained appellee's exceptions and ordered all of such pleadings stricken, to which action of the trial court appellants excepted.

In our opinion the trial court properly sustained appellee's exceptions to appellants' answer raising the questions above mentioned. In a forcible detainer suit the merits of the title to land shall not be inquired into. Rule 746, Texas Rules of Civil Procedure. Farrell v. Sien, Tex.Civ.App., 145 S.W.2d 606.

In such cases proof of title may be received, not to determine title, but in connection with possession. Young Women's Christian Ass'n of Austin, Tex. v. Hair, Tex.Civ.App., 165 S.W.2d 238; Holcombe et al. v. Lorino, 124 Tex. 446, 79 S.W.2d 307.

If the sale made by the bank to appellee is to be attacked as being invalid, it must be done in a suit filed in the district court for that purpose and such is not permissible in a suit for forcible detainer. Scott et ux. v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 103 A.L.R. 977; Holcombe et al. v. Lorino, supra.

Article 3992, Revised Civil Statutes of Texas, provides that the judgment of the county court in a suit for forcible detainer is conclusive and no further appeal shall be allowed unless the judgment shall be for damages in an amount exceeding $100. Beacom Lumber Co. v. Brown, Tex.Civ. App., 4 S.W.2d 992, affirmed, Tex.Com. App., 14 S.W.2d 1022; Cox, Inc. v. Knight, Tex.Civ.App., 50 S.W.2d 915.

Appellants do not complain about the money judgment of $313.28 rendered against them by the trial court except for an indirect complaint that appellee failed to discharge the burden of proof, but the evidence conclusively supports the jury's findings on the reasonable rental value of the property in question. There being no assignment of error contesting the amount of the money judgment, no power of review is conferred by the appeal on that portion of the judgment. Madison v. Martinez, Tex.Civ.App., 56 S.W.2d 908.

Complaints must be briefed as required by Rule 418, Texas Rules of Civil Procedure, otherwise such complaints are waived. San Antonio Joint Stock Land Bank v. Malcher, Tex.Civ.App., 164 S.W. 2d 197, and Piedmont Fire Ins. Co. v. Ladin, Tex.Civ.App., 174 S.W.2d 991.

The Court of Civil Appeals has jurisdiction on appeal in a forcible detainer

suit and for damages to review that part of the judgment awarding more than $100 as damages but it is precluded from reviewing that matter if no complaint or assignment of error is made about that part of the judgment. The Court of Civil Appeals has no jurisdiction over the question of forcible detainer on appeal since the county court's judgment is conclusive and final on that question. Madison v. Martinez, supra; Rose v. Skiles, Tex.Civ.App., 245 S.W. 127; Boyle v. Grubbs, Tex.Civ.App., 268 S.W. 277.

For the reasons stated above, we believe appellee had the right to allege and prove ownership of the property in question in connection with the issue of forcible detainer but the question of legal title to the real estate involved was properly excluded by the trial court; that this court does not have jurisdiction over the question of forcible detainer since the trial court's judgment was conclusive and final as to that part of the judgment and that this court has jurisdiction over that part of the judgment awarding appellee $313.28 in money, but the power to review that part of the judgment was not conferred upon us by the appeal since there was no complaint or assignment of error about the money part of the judgment.

We therefore overrule all of appellants' assignments of error and dismiss that part of the appeal from the trial court's judgment awarding restitution of the property and premises in question to appellee and affirm that part of the trial court's judgment awarding the sum of $313.28 to appellee as damages.