**KENDALL v. JOHNSON et al.**

No. 11813.

Court of Civil Appeals of Texas.
San Antonio.

May 19, 1948.

Woodville J. Rogers, of San Antonio, for appellant.

Green & Rosson, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal from a judgment in favor of Murphy Products Company of San Antonio, a corporation, against Ran Kendall, in the sum of $11,073.38, representing the following items:

| | |
|---|---|
| Penalty for usurious interest paid on contract | $6,427.86 |
| Penalty for usurious interest paid on note | 200.00 |
| Overpayment of account | 4,445.52 |

The judgment further decreed that Ran Kendall take nothing by reason of his cross-action against Ben Johnson, Mrs. Allene Flynt Johnson, Alamo Box Lunch Company and Murphy Products Company.

The trial was before a jury and judgment was in keeping with the answers of the jury made to the special issues submitted.

From that judgment Ran Kendall has prosecuted this appeal.

Appellant's brief presents twenty points which appellee challenges as not being supported by proper assignments of error. If this contention be true we are without jurisdiction to consider these points, this being a case tried to a jury and one in which a motion for a new trial is an absolute prerequisite to an appeal. Wisdom v. Smith, Tex.Sup., 209 S.W.2d 164; Elliff v. Texan Drilling Co., Tex., 210 S.W. 2d 558; Rules Nos. 324, 374, 418; Panhandle & S. F. R. Co. v. Burt, Tex.Civ. App., 71 S.W.2d 390; Madison v. Martinez, Tex.Civ.App., 56 S.W.2d 908; Orange Laundry Co. v. Stark, Tex.Civ.App., 179 S. W.2d 841; Alpine Tel. Corporation v. Mc-Call, Tex.Civ.App., 195 S.W.2d 585; Cooper v. Cooper, Tex.Civ.App., 168 S.W.2d 686.

■ There is no contention that these points present fundamental error which might be considered by us without assignments of error. Our jurisdiction to consider fundamental error is at most very limited. Ramsey v. Dunlop, Tex.Sup., 205 S.W.2d 979.

Appellant's first point is as follows:

"There is neither pleading nor evidence that Appellee, Murphy Products Co., paid Ran Kendall usurious interest within two years of the date Murphy Products Co. filed its suit for the double penalty, and if it did, it was a nominal amount, and insufficient to sustain a judgment for $11,073.38."

Appellant does not in his brief inform us as to which assignment of error this point is germane. However, he has filed a supplemental brief in which he states that Point I is germane to assignments of error Nos. 1 and 28. Assignment of error No. 1 reads as follows:

"The trial court erred in submitting to the jury in its charge Special Issue No. 1, over objections and exceptions of Ran Kendall for the reasons set out in Paragraph One, Section (a) thereof of the objections and exceptions of Ran Kendall to the main charge."

Attempting to bring forward all of his reasons for objecting and excepting to the court's charge, contained in paragraph one of section (a) of appellant's objections and exceptions to the court's charge, is a very doubtful method of making an assignment. However, giving this reference full effect, we here set out Paragraph One, Section (a), reading as follows:

"Because there is no proper pleading as a basis for submission of such issue in that plaintiffs plead that all of the payments on the Settlement Agreement were paid as provided for in the Settlement Agreement except $2500.00, which was paid in May, 1945, which pleading is a contradiction in itself and states an impossibility; and furthermore, because Special Issue No. 1 in that the amount paid by Ben Johnson, if any, should be submitted in separate issues, there being no pleading or testimony to the effect that Ben Johnson and Murphy Products Co., jointly paid defendant anything, and, therefore, such Special Issue No 1 as

drawn by the Court is misleading and confusing and in effect tells the jury that the Court believes or is of the opinion that Ben Johnson and Murphy Products Co., jointly paid the defendant some undetermined amount of money."

Assignment of Error No. 28 is as follows:

"All payments on contract agreement of May 29, 1944, except payment for $137.85, were made more than two years before March 15, 1947, when the cause of action by plaintiffs was plead. Any claim for more than $272.70 double said payment is barred by two-year statute of limitation which was specially plead by Ran Kendall, and the Court committed error in permitting a recovery by Murphy Products Co., for a sum in excess thereof for such alleged usury."

■ We are of the opinion that neither of these assignments of error is sufficient to support Point I. Rule 324, Texas Rules of Civil Procedure, makes the filing of a motion for a new trial an absolute prerequisite to an appeal, except under certain circumstances which do not exist here. Rule 374 makes the grounds of the motion for a new trial the assignments of error on appeal where such motion is required, and further provides that a "ground of error not distinctly set forth in the motion for new trial, in cases where a motion for a new trial is required shall be considered as waived."

Rule 321 provides that "Each ground of a motion for a new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceeding which are designated to be complained of, in such way as that the point of objection can clearly be identified and understood by the court."

When assignment of error No. 1 is considered along with paragraph one, section (a) of appellant's objection and exception to the court's charge it does not present the question of limitation, which is the question raised by Point I. We cannot say that assignment of error No. 1 brought clearly to the attention of the trial court that there was neither pleading nor proof to show

that the payments of usurious interest which it was claimed had been made on the settlement agreement dated May 29, 1944, were barred by the two-year statute of limitation and that appellant was claiming that the burden was upon appellee to both plead and prove such payments were made within two years next proceeding the filing of the suit for the recovery of a penalty based upon such payments. The real complaint stated in the assignment of error is that appellant is objecting to the submission of issue No. 1 to the jury because the pleadings state an impossibility and that the payments made by Ben Johnson should be separately submitted from those made by Murphy Products Company.

■■ Point I does not show fundamental error, such as we might consider without it being supported by a proper assignment of error. What was said by Chief Justice Alexander in his concurring opinion in Ramsey v. Dunlop, Tex.Sup., 205 S.W.2d 979, 984, seems very appropriate here:

"Moreover, under the old statute an insufficiency in the pleading or insufficiency in the evidence where it could be detected without an extended examination of the statement of facts, constituted such error apparent upon the face of the record as could be raised in the Court of Civil Appeals without an assignment complaining thereof. 3 Tex.Jur. 820–827. Under Rule 90, now in force, except in cases of default, all defects in pleadings of either form or substance are waived unless complained of in the lower court, and under Rule 67 the court, with either the express or implied consent of the parties, may try an issue and enter a valid judgment thereon without pleadings to support it. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562. Rules 370 and 375 permit the taking up of a transcript with only a part of the proceedings therein, and Rule 377 permits the filing of an abbreviated statement of facts. Consequently, a mere negative showing, that is, that the record fails to contain sufficient pleadings or evidence to support the judgment, would not necessarily reflect error."

■■ Assignment of error No. 28 does not segregate and identify the particular proceedings in the trial court wherein it is contended error was committed. The complaint is that the court erred in permitting a recovery by Murphy Products Company for a sum in excess of $275.70 for such usury. It is the purpose of an assignment of error to point out, segregate and identify the particular ruling or action of the court which it is contended constitutes reversible error and the effect of the segregation and identification is to waive all other complaints as to all other rulings and actions of the court, unless they are also assigned as error. To a very limited extent fundamental error is an exception to the above rule. Here we are not told whether the court erred in ruling upon the pleadings, or upon the admission of evidence, or in the charge, or when or where the error was committed. Rules 324 and 374, T.R.C.P.; Panhandle & S. F. R. Co. v. Burt, Tex.Civ.App., 71 S.W. 2d 390; Walker v. Koger, Tex.Civ.App., 131 S.W.2d 1074; Brown County Water Imp. Dist. No. 1 v. McIntosh, Tex.Civ.App., 164 S.W.2d 722.

The attorney who briefed this case on appeal was not of counsel at the trial. We are driven to the conclusion that he is not willing to stand on the assignments of error as contained in the motion for a new trial as far as they may have any bearing upon the proposition presented in his Point I.

What is true of Point I is also true of Point II, and for the reasons above stated we decline to consider this point.

■ Appellant's third point presents the contention that there was no binding agreement between Ran Kendall and Murphy Products Company for the payment of usurious interest, such as would sustain the judgment rendered. This suit involves a course of dealing between Ben Johnson, Alamo Box Lunch Company, a partnership, and Murphy Products Company, a corporation. The sum of $6,427.86 enters into the total judgment as a penalty for the payment of $3,213.93 upon what is called the settlement agreement alleged to be usurious interest. The settlement agreement was executed before Murphy Products Company was chartered and some $3,450 was paid on this contract by Ben Johnson, acting for Alamo Box Lunch Company before the creation of the corporation. After

its creation, Murphy Products Company assumed all of the liabilities and took over all the assets of Alamo Box Lunch Company and thereby became liable upon all the obligations of the partnership and entitled to all of the assets, claims and choses in action theretofore belonging to the partnership. In other words, the partnership simply took on the form of a corporation. Thus the corporation became entitled to recover penalties for the payment of usurious interest, whether it was paid by the corporation or its predecessor, the partnership. The sums of money provided for in the settlement agreement were fully paid. Those not paid by Alamo Box Lunch Company were paid by Murphy Products Company. The settlement agreement provided, among other things, for the payment of $2500 for the sale of 10% royalty in the business. It was claimed by appellees that this $2500 was in fact interest. Upon disputed evidence, the jury found that this payment was interest, thus rendering the agreement one for usurious interest. The jury were instructed to answer this issue either "It was interest and not a bona fide sale"; or "It was a bona fide sale and not interest," The jury simply answered, "Interest." While this was not in keeping with their instruction, their intention is clear and unmistakable. The form of their answer is unimportant so long as their intended finding can be clearly ascertained from their answer. Thus, under the finding of the jury, there was the sum of $3,213.93 usurious interest paid upon the settlement agreement either by Murphy Products Company or its predecessor in title and the court properly allowed judgment for double this amount.

There was an allowance of the sum of $200 as penalty for payment of $100 interest upon what is known as the Joe Burket note. This note was payable to Joe Burket, but was immediately endorsed over to Ran Kendall. It was given for a loan of $1000 by Ran Kendall to Murphy Products and called for usurious interest. The fact that the note was made payable to Joe Burket and endorsed over to Ran Kendall is immaterial. It nevertheless evidences a loan from Ran Kendall to Murphy Products Company. This note called for usurious interest on its face and the court properly allowed a recovery of $200 as payment of this usurious interest.

Appellant next complains that the submitting of requested special issue No. 1 to the jury and allowing judgment for the sum found by the jury permitted a double recovery. We overrule this contention. There was sufficient evidence to raise the issue of overpayment and to support the jury's answer in the sum of $4,445.52.

The court was not required to define the terms "proper charges and credits" as these words were used not as technical terms but in an ordinary manner and as having none other than their usual and customary meaning. On the other hand, if it had been the duty of the court to define these words the appellant was required to submit a substantially correct definition of such words, which he failed to do. The definitions submitted by appellant were not substantially correct. Rule 279, T.R.C.P.

Appellant contends the court erred in rendering judgment in the sum of $11,073.38. We overrule this contention. In answer to special issue No. 1 the jury found that under the settlement agreement appellant had been paid the sum of $8,957.85. Under the evidence and the findings of the jury the following items were usurious interest payments, to-wit:

| | |
|---|---|
| Interest on open account | $ 410.00 |
| Sale of 10% Royalty (found to be interest) | 2,500.00 |
| Interest on $3,000.00 note | 150.00 |
| Six per cent interest | 153.93 |
| | $3,213.93 |

twice this sum is $6,427.86. When the $200 penalty for usurious interest paid on the Joe Burket note and the overpayment of $4,445.52 is added we have the sum of $11,073.38, which is the amount of the judgment. The judgment was rendered in keeping with the findings of the jury, as is required by Rules Nos. 300 and 301, T.R.C.P.

There was no error in the court correcting the judgment upon the motion of appellee. The judgment was originally

rendered in the name of Murphy Products Company. The true name of the corporation was Murphy Products Company of San Antonio, and upon motion the judgment was corrected so as to state the true name of appellee. This is provided for by Rule No. 317, T.R.C.P.

 ·Appellant's contention that the court erred in denying his motion to disregard certain findings of the jury and his motion for judgment notwithstanding the verdict is without merit and is overruled.

The judgment is affirmed.