Sue **JENKINS,** Appellant,

v.

Galen V. **JOHNSON** et al., Appellees.

No. 7011.

Court of Civil Appeals of Texas.

Texarkana.

March 4, 1958.

Rehearing Denied April 1, 1958.

**504**

Aubrey Robison, Boyet Stevens, Daingerfield, for appellant.

Russell & Perkins, Mt. Pleasant, C. D. Bourke, Daingerfield, for appellees.

DAVIS, Justice.

This is a suit over the ownership of a promissory note and a deed of trust lien given to secure the note. The case was tried to a jury and judgment was entered in accordance with the answers of the jury to special issues.

The history of the case will be given as revealed by the record, including both the pleadings and the evidence at the time of trial. On August 29, 1952, and prior thereto, L. B. Jenkins had been lending the money of his sister, Mrs. Donnibel Dodd, a widow, to several contractors who were engaged in the construction of houses in two Jenkins Additions to the City of Daingerfield. On August 29, 1952, L. B. Jenkins agreed to lend to Galen V. Johnson $6,000 of Mrs. Dodd's money. A note dated August 29, 1952, for the $6,000 was made payable to L. B. Jenkins and the deed of trust was executed in favor of L. B. Jenkins with L. B. Jenkins, Jr., named as trustee. On August 30, 1952, L. B. Jenkins wrote a check upon the account of Mrs. Dodd, payable to Johnson, in the sum of $6,000, and signed Mrs. Dodd's name, by him. The check was drawn on Mrs. Dodd's account in The National Bank of Daingerfield and $6,000 was paid out of Mrs. Dodd's account at said bank on that date. This loan was for the purpose of constructing a house. The custom was when money was loaned to build a house, the loan was paid when the house was sold. Prior to the time this loan was made, L. B. Jenkins suffered a heart attack and apparently was in poor health until his death on August 14, 1953. On September 1, 1952, Mr. Jenkins wrote on the back of the deed of trust in his own handwriting: "Sept. 1 - 1952 this belongs to Donnibel Dodd. L. B. Jenkins." After this notation was placed on the deed of trust, the note and deed of trust were delivered by Jenkins to

Mrs. Dodd. Since then Mrs. Dodd has had complete control over the note and deed of trust, collected all interest due thereon until May 25, 1956. She also permitted the note and deed of trust to be renewed.

L. B. Jenkins died intestate. There was no administration upon his estate and none was necessary. He was survived by two children, viz., L. B. Jenkins, Jr. and Anna Sue Nasits. These children recognizing the fact that the note and deed of trust were actually the property of Mrs. Dodd, did on May 22, 1956, execute an instrument, in which Mrs. Nasits was joined by her husband, conveying to Mrs. Dodd all right, title and interest to which they might have been entitled in and to said note and deed of trust by virtue of being the only heirs of L. B. Jenkins. The instrument was filed for record in the Deed of Trust Records on the same date it was executed.

A purchaser was found for the house and the title to same could not be cleared without a release or transfer from Mrs. Jenkins. She was requested to sign a release, but refused. On February 16, 1957, Mrs. Jenkins filed suit against Johnson upon the note and to foreclose the lien. On April 8, 1957, she filed her first amended original petition in which she alleged that her suit was brought as the surviving partner of herself and L. B. Jenkins, deceased, under the provision of Sec. 160, Probate Code, Vernon's Ann.Tex.Civ.St.

Johnson answered the suit of Mrs. Jenkins by admitting the execution of the note and deed of trust and impleaded Mrs. Dodd. He set up various dates and sums of money he had paid as interest on the note to Mrs. Dodd. He admitted liability for the note and by way of interpleader tendered the money into court in payment thereof and set out that both Mrs. Jenkins and Mrs. Dodd were then claiming to be the owner of the note and lien, prayed that their dispute be adjudicated, and for an attorney's fee.

Mrs. Dodd answered the bill of interpleader, and by way of cross-action sued Mrs. Jenkins for all right, title and interest to said note and deed of trust. Mrs. Dodd alleged the facts just about as outlined hereinabove. She also filed a cross-action against Johnson and prayed for judgment on the note and foreclosure of her lien.

Among other things pleaded by Mrs. Dodd was that Mr. Jenkins had been her agent for some time prior to his death in making various and sundry loans, and in response to the special issues submitted, without any objection or exception whatever to the Court's charge from anybody, the jury found that: (1) On August 29, 1952, L. B. Jenkins was acting as the agent of Mrs. Dodd in making real estate loans for her; (2) L. B. Jenkins, in making the loan to Johnson for the $6,000 on August 29, 1952, used monies belonging to Mrs. Dodd; (3) L. B. Jenkins made the loan to Johnson as agent for Mrs. Dodd and for her benefit; (4) Mrs. Dodd is the owner of the note and deed of trust sued upon; and (5) $300 to be a reasonable fee for the attorney of Johnson on his interpleader.

The appellant brings forward two points of error. She complains of the action of the trial court in admitting the testimony of G. V. Johnson and Mrs. Dodd to all of the facts hereinabove outlined on the ground that it constituted transactions with a dead man and was in violation of the Dead Man's Statute, Article 3716, V.A.T.C.S.

Appellee Mrs. Dodd by her second counter-point challenges the position taken by appellant and contends that appellant has not sued in any capacity contemplated by the Dead Man's Statute, Article 3716, but actually sued for what she says is her half of the note and lien as the survivor of the community, *not as an heir,* and the inhibition provided by the statute is inapplicable to the case at bar. As heretofore pointed out, L. B. Jenkins died intestate, no administration was pending upon the

estate and none was necessary. There were no debts due by or to his estate. Mr. Jenkins was survived by two children viz., L. B. Jenkins, Jr., and Anna Sue Nasits. These children, as a matter of law, were the only surviving *heirs* of L. B. Jenkins, Sr. Ostensibly, Mrs. Jenkins sued as the community survivor of L. B. Jenkins, Sr., deceased. But this suit, without dispute, is one for the recovery of an alleged one-half interest in the note and lien as a result of her community partnership with her deceased husband. Her children having conveyed to Mrs. Dodd any interest to which they might have been entitled as heirs of L. B. Jenkins, Sr., deceased, the only remaining part that could have existed in the note was the half-interest as the community survivor, *not as an heir.* In fact, Mrs. Jenkins testified: "I sue for my personal part in that deed of trust." Such being the case, appellee's counterpoint is well taken. In the case of King v. Morris, Tex.Com.App., 1 S.W.2d 605, opinion expressly approved by the Supreme Court, approves our holding in this case; although, in that case the wife sued in a dual capacity, both as an heir and as survivor. In King v. Morris, Judge Critz discussed the case of Spencer v. Schell, 107 Tex. 44, 173 S.W. 867, and quoted at length from it to show the difference between the application of the statute as to an heir and a survivor of the community partnership. He also discussed the case of Harris v. Warlick, Tex.Civ.App., 42 S.W. 356, and Evans v. Scott, Tex.Civ. App., 97 S.W. 116, and pointed out that even where heirs were parties to a suit of this character along with the surviving partner, testimony prohibited by the Dead Man's Statute would still be admissible against the survivor and on proper objection should be so limited. To the same effect is the holding in Hartman v. Costales, Tex.Civ.App., 145 S.W.2d 603, wr.dis., judgm.cor.; and the holding in Forrest v. Moreno, Tex.Civ.App., 161 S.W.2d 364, wr.ref.

In Hartman v. Costales, supra, the court said [145 S.W.2d 606]:

"In the instant case, Isidoro Costales brought suit in his own right. His deceased wife's interest in the property was represented in the suit by the children plaintiffs; he asserted no right in this action as the heir of his wife. It was not error, therefore, to admit his testimony so far as his interest in the property was concerned. As the evidence was correctly admissible, at least so far as Isidoro Costales' half interest and homestead rights in the property were concerned, and no request was made to limit his testimony, it was not error in the Court to admit said testimony without limitation. Neither do we understand that any request was made by appellants to have the Court, in the charge to the jury, to thus limit the testimony of Isidoro Costales.

"In McKibban v. Scott, 131 Tex. 182, 114 S.W.2d 213, 215, 115 A.L.R. 1421, opinion by Judge Critz, the Supreme Court held, upon the authority of the Leahy case, and one other, 'It is settled as the law of this state that the test furnished by article 3716, supra, embraces not only the capacity of the parties, but also the effect of the judgment of which the suit admits. If the action be one by or against an heir, in which judgment may be rendered for or against him, as such, the statute applies.' (Citing the Leahy case [Leahy v. Timon, 110 Tex. 73, 215 S.W. 951].) The court therefore erred in admitting the corroborating testimony of the son, Luther Costales, and daughter, Juanita. The evidence, however, was already in the record, as above stated, so the error was harmless, and is no cause for reversal. Rule 62a; Port City Lbr. Co. v. Wade, Tex.Civ.App., 16 S.W.2d 429, 431; Head v. Texas State Bank, Tex.Civ. App., 16 S.W.2d 298, 301."

We point out here that in Hartman v. Costales, the court held that even though the trial court erred in admitting some corroborating testimony that was inadmissible as to the heirs, the error was harmless. That situation does not exist in the case at bar.

In Forrest v. Moreno, supra, the court said [161 S.W.2d 365]:

"Now, defendant further complains, in his second point, that much of plaintiff's testimony, already adverted to, was in contravention of the statutory prohibition of testimony by parties concerning transactions with decedents. Art. 3716, R.S.1925. Defendant's objection to the testimony was based upon the assumption, specifically stated in some of his bills of exception, that plaintiff, the witness, *was an heir or had sued as an heir of her deceased husband. That objection, however, is untenable. Plaintiff was not seeking to establish her interest in the property as the heir of her deceased husband, but as the outright owner by virtue of her vested community interest therein, and the provisions of Art. 3716 do not apply to her.* King v. Morris, Tex. Com.App., 1 S.W.2d 605; Hartman v. Costales, Tex.Civ.App., 145 S.W.2d 603.

"Defendant contends that the interests upon which recovery is sought are inseparable, and, in effect, that the testimony of plaintiff concerning transactions and conversations of the decedent necessarily inured to the benefit of her children, who were suing as heirs, whose interests are inseparable from plaintiff's. But this contention is not available to defendant, who did not interpose that specific objection below, or ask that the testimony be so limited at the time adduced, or request the trial judge to so limit it in his charge to the jury. The burden was upon defendant to invoke those limitations in the trial court, and having failed to invoke them there, he cannot invoke them here. King v. Morris, supra; Hartman v. Costales, supra." (Emphasis added.)

■■ A surviving spouse is not an heir where there is surviving issue of a marriage. Neither will the facts support appellant's contention that she is suing as a legal representative of the estate. No property that belonged to Mr. Jenkins at the time of his death is involved. There is actually no dispute as to the facts in the case. Appellant just takes the position that appellee Mrs. Dodd is not entitled to prove any fact that would defeat appellant's ownership of a one-half interest in the note and lien. In fact, Mrs. Jenkins sued in her individual capacity to recover an alleged outright vested interest in the note and lien as a survivor of the community partnership, not as an heir or legal representative. All of the evidence complained of was admissible. Appellant's points are overruled.

The judgment of the trial court disposes of all issues before the court; and, also, divests the estate of L. B. Jenkins, Sr., of all right, title and interest in and to said note and lien. The estate of L. B. Jenkins, Sr., not being involved, the judgment of the trial court is reformed so as to eliminate said estate therefrom and provide that appellant take nothing, individually, by her suit; otherwise, the judgment of the trial court is affirmed.

Reformed and affirmed.